UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN KRATOCHWILL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WORKWAVE LLC, d/b/a TEAM SOFTWARE,<br><br>    Defendant. | Case No.: 3:24-cv-10556-RK-JBD |
| BRANDEN ROGERS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WORKWAVE LLC, d/b/a TEAM SOFTWARE,<br><br>    Defendant. | Case No.: 3:24-cv-10592-RK-JBD |

**JOINT STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE ACTIONS AND APPOINT INTERIM CLASS COUNSEL**

Pursuant to Rule 42 of the Federal Rule of Civil Procedure, plaintiffs John Kratochwill and Branden Rogers (collectively, "Plaintiffs") and defendant WorkWave LLC d/b/a TEAM Software ("WorkWave" or "Defendant") (collectively, the "Parties"), acting through their respective counsel of record, hereby represent as follows:

WHEREAS, the above-captioned cases arise out of the same cybersecurity incident involving Defendant's TEAM application, which WorkWave detected on or around July 26, 2024 (the "Data Incident").

WHEREAS, Plaintiffs received notice letters from Defendant advising them of the Data Incident, and each decided to file their respective putative class action: *Kratochwill v. WorkWave LLC d/b/a TEAM Software,* Case No. 3:24-cv-10556, and *Rogers v. WorkWave LLC d/b/a TEAM Software*, Case No. 3:24-cv-10592 (collectively, the "Related Actions"). Plaintiffs allege in both actions that the Data Incident made Plaintiffs' and the putative class members' personally identifiable information ("PII") potentially accessible to cybercriminals.

WHEREAS, the Related Actions focus on the same underlying factual premise—the Data Incident—and assert substantially identical claims on behalf of the same or substantially similar putative classes. Each plaintiff relies on the same set of alleged operative facts as to the Data Incident, asserts overlapping claims, on behalf of similarly defined classes, seeking similar relief.

WHEREAS, WorkWave disagrees with the plaintiffs' allegations, but the Parties agree that consolidation of the Related Actions for both pre-trial and trial purposes is appropriate under Federal Rule of Civil Procedure 42(a), which provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . ." *Id*.

WHEREAS, WorkWave waived service of the summons and complaint pursuant to Rule 4(d) and the deadline for WorkWave to respond to the complaints is January 17, 2025 for *Kratochwill* and January 20, 2025 for *Rogers*.

WHEREAS, the Parties agree that Plaintiffs intend to file a Consolidated Complaint once the cases are consolidated.

WHEREAS, the Parties have agreed to consolidation and a subsequent schedule.

WHEREAS, Plaintiffs submit that the appointment of interim class counsel will provide cohesion to the representation of Plaintiffs in the consolidated action and will facilitate

2

"efficiency and economy without jeopardizing fairness to the parties." MANUAL FOR COMPLEX LITIGATION §10.22 (4th ed. 2004) (interim counsel "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties 'counsel").WHEREAS, Federal Rule of Civil Procedure 23 provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

WHEREAS, Plaintiffs submit that David Lietz[1] of Milberg Coleman Bryson Phillips Grossman, PLLC and A. Brooke Murphy[2] of Murphy Law Firm have immense experience in litigating data breach class actions, having collectively litigated hundreds of data breach class

---

[1] Plaintiffs submit that Mr. Lietz has been appointed class counsel in no less than 60 data breach or data privacy cases that have been either preliminarily or finally approved by federal and state courts across the country. Mr. Lietz briefed and argued *Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023), where the U.S. Court of Appeals for the First Circuit articulated important principles of Article III standing in data breach cases after the U.S. Supreme Court's decision in *Ramirez v. TransUnion*. Other noteworthy data breach decisions include *Purvis v. Aveanna Healthcare, LLC*, 563 F. Supp. 3d 1360 (N.D. Ga. 2021), *Charlie v. Rehoboth McKinley Christian Healthcare Services*, Civ. No. 21-652 SCY/KK, 2022 WL 1078553 (D.N.M. April 11, 2022), *Baldwin v. Nat'l W. Life Ins. Co.*, No. 2:21-CV-04066-WJE, 2021 WL 4206736, at *1 (W.D. Mo. Sept. 15, 2021), and *McCreary v. Filters Fast LLC*, No. 3:20-CV-595-FDW-DCK, 2021 WL 3044228 (W.D.N.C. July 19, 2021).

[2] Plaintiffs submit that Ms. Murphy has litigated numerous data breach class actions and has obtained several favorable rulings on issues of standing, pleading, and class certification. Ms. Murphy briefed one of the first successful class certification motions in a data breach case in *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508 (M.D. Fla. Apr. 14, 2021), and briefed the subsequent successful appeal to the Eleventh Circuit. *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023). Ms. Murphy has been court-appointed as class counsel or co-lead counsel in several data breach class actions that resulted in class settlements. *See, e.g., Lockridge v. Quality Temporary Services, Inc.,* Case No. 4:22-cv-12086 (S.D. Mich.); *Rose v. BHI Energy Services, LLC, et al.*, Case No. 1:23-cv-12513 (D. Mass.); *In re: Mondelez Data Breach Litig.*, Case No. 1:23-cv-0399 (N.D. Ill.); *Perez v. Carvin Wilson Software, LLC,* Case No. CV-23-00792-PHX-SMM (D. Ariz.); *Sanders, et al., v. Ibex Global Solutions, Inc., et al.*, Case No. 1:22-cv-00591-TNM (D.C.C.); *In re: Solara Medical Supplies Data Breach Litig.,* Case No. 3:19-cv-00284-H-KSC (S.D. Cal.); *McFarlane v. Altice USA, Inc.,* Case No. 20-CV-1297-JMF (S.D.N.Y.).

actions, and with each having been appointed as lead or co-lead class counsel in data breach class actions across the country.

WHEREAS, Plaintiffs submit that the appointment of David Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC and A. Brooke Murphy of Murphy Law Firm as Interim Co-Lead Class Counsel, pursuant to Fed. R. Civ. P. 23(g), is appropriate. *See* Fed. R. Civ. P. 23(g)(3) (establishing that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.").

WHEREAS, WorkWave does not object to the appointment of Mr. Lietz and Ms. Murphy as Interim Co-Lead Counsel.

THEREFORE IT IS HEREBY STIPULATED AND AGREED, subject to Court approval, that:

1. Pursuant to Fed. R. Civ. P. 42(a), *Rogers v. WorkWave LLC d/b/a TEAM Software*, Case No. 3:24-cv-10592 is consolidated into the *Kratochwill* Action, as well as any subsequently filed or transferred actions arising from the same subject matter, for all purposes, with the new title "*In re WorkWave Data Breach Litigation.*"

2. The clerk shall establish a Docket for the consolidated action under Civil Action No. 3:-24-cv-10592-RK-JBD. All papers on the docket shall bear the caption:

| IN RE: WORKWAVE DATA BREACH LITIGATION | Civil Action No. 3:-24-cv-10592-RK-JBD |
|---|---|

3. No further filings shall be made in Case No. 3:24-cv-10556, which shall be administratively closed. All pleadings therein shall maintain their legal relevance until the filing

4

of the Consolidated Complaint. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

4. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

5. Plaintiffs shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in or transferred to this District. If the Court determines that the case is related, the clerk shall:

    a. Place a copy of this Order in the separate docket for such action;

    b. Serve on Plaintiff's counsel in the new case a copy of this Order;

    c. Direct this Order to be served upon Defendant(s) in the new case; and

    d. Make the appropriate entry on the Master Docket.

6. Pursuant to Rule 23(g)(1)(A)(i)–(iv), David Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC and A. Brooke Murphy of Murphy Law are appointed as Interim Co-Lead Class Counsel (collectively, "Interim Class Counsel").

7. Interim Class Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action. Specifically, Interim Class Counsel shall have the following responsibilities, duties and sole authority to:

    a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

    b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

    c. Convene meetings amongst counsel;

      d.    Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

      e.    Delegate specific tasks to plaintiffs' counsel in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

      f.    Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

      g.    Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

      h.    Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

      i.    Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

      j.    Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel *via* the Court's electronic filing system);

      k.    Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

      l.    Make available to other Plaintiffs' counsel documents produced by the Defendants; and

      m.    Allocate attorneys' fees.

8.    Any other plaintiffs' counsel will perform work in this litigation only at the direction of Interim Co-Lead Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Class Counsel.

9.    Interim Class Counsel shall have sole authority to communicate with Defendant's counsel—including with respect to settlement and settlement negotiations—and the Court on

behalf of any plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Class Counsel, and such agreements shall be binding on all other plaintiffs' counsel.

10. This Stipulation and Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the alleged facts and the data breach underlying this litigation.

11. The following briefing schedule is established for the filing and briefing of a Consolidated Complaint:

    a. Plaintiffs' Consolidated Class Action Complaint shall be filed within **45 days** after appointment of interim co-lead class counsel; and

    b. Defendant shall file a Motion to Dismiss or Answer to the Consolidated Class Action Complaint within **45 days** of filing of the Consolidated Class Action Complaint;

    c. Plaintiffs have **45 days** to file a response to the motion to dismiss;

    d. and Defendant has **21 days** to file its reply in support of any motion to dismiss the Consolidated Class Action Complaint.

12. In light of the anticipated Consolidated Class Action Complaint, the current deadlines for WorkWave to respond to Plaintiffs' complaints are extended in accordance with the above schedule.

**IT IS SO STIPULATED.**

| | |
|---|---|
| */s/ David J. DiSabato* | */s/ Eric R. Fish* |
| David J. DiSabato | Eric R. Fish |
| SIRI & GLIMSTAD LLP | BAKER & HOSTETLER LLP |
| 745 Fifth Ave Suite 500 | 45 Rockefeller Plaza |
| New York, NY 10151 | New York, NY 10111-0100 |
| Tel: (973) 273-3570 | Tel: (212) 589-4200 |
| Email: ddisabato@sirillp.com | Email: efish@bakerlaw.com |

/s/ Vicki J. Maniatis
Vicki J. Maniatis (NJ Bar # 001321994)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
405 East 50th Street New York, NY 10022
Tel.: (516) 491-4665
vmaniatis@milberg.com

A. Brooke Murphy*
MURPHY LAW FIRM
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Tel: (405) 389-4989
Email: abm@murphylegalfirm.com

David K. Lietz*
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
5335 Wisconsin Avenue NW
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
dlietz@milberg.com

Casie D. Collignon*
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Tel: (303) 861-0600
Email: ccollignon@bakerlaw.com

*_pro hac vice forthcoming_

**IT IS SO ORDERED** this _____ day of December, 2024:

_____

8