UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: WORKWAVE DATA BREACH LITIGATION | Case No.: 3:24-cv-10592-RK-JBD |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant WorkWave LLC, d/b/a Team Software ("Defendant"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Settlement Class, the appointment of Plaintiffs John Kratochwill and Branden Rogers ("Plaintiffs") as the Class Representatives, the appointment of David K. Lietz and A. Brooke Murphy as Class Counsel for Plaintiffs and the Settlement Class, the approval of Atticus Administration, LLC as the Settlement Administrator, the various forms of class relief provided under the

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

    2.    The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> All individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of Defendant's Data Security Incident that occurred in or around July 2024, including all individuals who were sent a letter notifying them of the Data Security Incident.

Excluded from the Settlement Class are the Court, the officers and directors of Defendant, persons who have been separately represented by an attorney and entered into a separate settlement agreement in connection with the Data Security Incident, and persons who timely and validly request exclusion from the Settlement Class.

    3.    Based on the information provided, for the purposes of settlement only: the Settlement Class is ascertainable; it satisfies numerosity; there are common questions of law and fact, including issues related to data security and the nature and scope of the information potentially implicated in the Data Security Incident, also satisfying commonality; the proposed Class Representatives' claims are typical; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to

members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

    4.    The Court appoints Plaintiffs John Kratochwill and Branden Rogers as the Class Representatives.

    5.    The Court appoints David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC and A. Brooke Murphy of Murphy Law Firm as Class Counsel for the Settlement Class.

    6.    The Court appoints Atticus as the Settlement Administrator.

    7.    A Final Approval Hearing shall be held before the Court on____[date]_____, 2025 at ___[time]_____, or by remote means, for the following purposes:

    a)    To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

    b)    To determine whether to grant Final Approval, as defined in the Settlement Agreement;

    c)    To determine whether the notice plan conducted was appropriate;

    d)    To determine whether the claims process under the Settlement is

        fair, reasonable and adequate and should be approved by the Court;

    e)     To determine whether the requested Class Representative Service Awards of $2,500.00 each, and Class Counsel's attorneys' fees, of up to 1/3 of the Settlement Fund ($500,000) plus reimbursement of out-of-pocket litigation expenses of up to $25,000 should be approved by the Court;

    f)     To determine whether the settlement benefits are fair, reasonable, and adequate; and,

    g)     To rule upon such other matters as the Court may deem appropriate.

8.     The Court approves, as to the form and content, the notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Unopposed Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9.     The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, Settlement Administration, claims processing, and other execution of the proposed Settlement:

## SETTLEMENT TIMELINE

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant provides Class Member Information to the Settlement Administrator | +10 days after preliminary approval order |
| Notice Date | +30 days after preliminary approval order |
| Plaintiffs' Counsel's motion for Fees and Expenses and Service Awards | -14 days before the Objection and Opt-Out Deadlines |
| Objection Deadline | +60 days after Notice Date |
| Request for Exclusion Deadline | +60 days after Notice Date |
| Claims Deadline | +90 days after Notice Date |
| | |
| **Final Approval Hearing** | _____, 2025 |
| Motion for Final Approval | -14 days before the Final Approval Hearing |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken |

10. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Postcard Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11. Additionally, all requests to opt out or object to the proposed Settlement must be postmarked by or received by the Settlement Administrator no later than 60 days after the Notice Date. The Request for Exclusion must include the name of the

proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

12.    Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must Settlement must be postmarked by or received by the Settlement Administrator no later than 60 days after the Notice Date and include each and all of the following: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. Any Settlement Class Member who fails to comply with these requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

13. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the releases, including the Released Claims, provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Defendant in this Action.

14. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Settlement Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Defendant or the other Released Parties.

15. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the

Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the settlement) shall (i) be admissible into evidence for any purpose in this Action or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

16. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated: _____          _____
                                       **United States District Court Judge**