UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: WORKWAVE DATA BREACH LITIGATION | Case No.: 3:24-cv-10592-RK-JBD<br><br>Motion Date: June 16, 2025 |

**JOINT DECLARATION OF COUNSEL IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

David K. Lietz and A. Brooke Murphy hereby declare as follows:

1. We are proposed Class Counsel[1] under the proposed Settlement with WorkWave LLC, d/b/a Team Software ("Defendant") being presented to the Court for Preliminary Approval. We submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement. We have personal knowledge of the facts set forth herein and could testify competently as to them if called upon to do so.

**Background and Procedural History**

2. This Action arises out of a cybersecurity incident wherein the Private Information, including names, Social Security numbers and driver's license numbers of approximately 99,525 current and former employees of service contractors who

---

[1] All capitalized terms used herein shall have the same meanings as those defined in the Settlement Agreement.

1

worked with Defendant were potentially accessed by cybercriminals (the "Data Incident").

3. On July 26, 2024, WorkWave detected suspicious activity on its applications.

4. Based on a subsequent forensic investigation, WorkWave determined that cybercriminals gained access to its data files. The investigation further determined that cybercriminals potentially accessed files containing the personal information of approximately 99,525 individuals (the "Data Security Incident").

5. In October and November 2024, WorkWave sent notice to the Plaintiffs and the Settlement Class notifying them of an intrusion in their network that WorkWave believed may have affected Plaintiffs' Personal Information.

6. Both Plaintiffs subsequently filed separate lawsuits before this Court. On January 27, 2025, after having filed separate actions, the Named Plaintiffs, on behalf of themselves and all others similarly situated, filed their Consolidated Class Action Complaint (D.E. 14), captioned *In re: WorkWave Data Breach Litigation*, Master File No. 3:24-cv-10592-RK-JBD.

7. Plaintiffs asserted claims against Defendant for (1) Negligence and (2) Breach of Third-Party Beneficiary Contract. WorkWave denies all the claims and contentions of Plaintiffs.

8. Shortly thereafter, the Parties began discussing settlement and scheduled a mediation with Hon. John W. Thornton (Ret.), of JAMS, a highly experienced and well-regarded mediator who has successfully mediated a number of similar data breach cases.

9. In advance of the mediation, Plaintiffs propounded informal discovery requests on Defendant to which Defendant responded by providing information related to, among other things, the nature and cause of the Data Incident, the number and geographic location of victims impacted, and the specific type of information potentially impacted. The Parties also exchanged mediation statements in advance of the mediation.

10. On March 25, 2025, counsel for the Parties participated in a full-day mediation session overseen by Judge Thornton. At the close of the mediation, Judge Thornton submitted a mediator's proposal that resulted in an agreement between the Parties.

11. The terms of the mediator's proposal (and additional terms agreed to by the Parties) are memorialized in the Settlement Agreement ("SA"), attached hereto as **Exhibit 1**.

12. The Settlement Agreement was negotiated in good-faith and at arm's length by capable and experienced counsel with full knowledge of the law, facts, and the inherent risks of litigation.

## Class Counsel's Investigation

13. Class Counsel have been involved in other data breach litigation and have led numerous data breach cases to favorable resolution.

14. Class Counsel is experienced in the litigation, certification, trial, and settlement of nationwide class action cases. In negotiating this Settlement, Class Counsel had the benefit of years of experience litigating data breach cases.

15. Before filing this Action, Class Counsel spent time investigating the claims to gather information about the Incident. The thorough pre-suit investigation resulted in the preparation of detailed complaints.

16. In addition, to prepare for filing of the initial complaints, Class Counsel gathered Plaintiffs' documents and relevant information.

17. Leading up to the mediation, Class Counsel requested and reviewed relevant information via informal discovery. This enabled them to prepare for well-informed negotiations overseen by Judge Thornton.

18. On March 25, 2025, when the Parties mediated, Class Counsel had prepared a detailed mediation statement for Judge Thornton. Class Counsel entered the mediation fully informed of the merits of Settlement Class Members' claims and negotiated the proposed Settlement while advancing the position of Plaintiffs and Settlement Class members and being fully prepared to continue to litigate rather than

accept a settlement that was not in the best interest of Plaintiffs and Settlement Class Members.

19. Judge Thornton actively supervised and participated in the settlement discussions, presiding over arm's-length negotiations between capable and experienced class action counsel on both sides.

20. The Parties did not discuss attorneys' fees or any Service Award until after agreeing on the material terms of the Settlement, including the Settlement Class definition, Settlement Class Benefits, and the Releases.

## The Settlement

21. Class Counsel ultimately participated in mediation and settlement discussions, achieving a very favorable Settlement for the Settlement Class, and negotiated a comprehensive Agreement, which includes a robust Notice Program, well-crafted Notices and Claim Form, and an easy-to-understand Claims Process.

22. The Settlement provides for Defendant's commitment to establish a non-reversionary Settlement Fund of $1,500,000.00, which will pay: (a) Settlement Class Member Benefits; (b) Settlement Administration Costs; (c) Service Awards to Class Representatives awarded by the Court; and (d) any attorneys' fees and costs awarded by the Court to Class Counsel.

23. Settlement Class Members who submit a valid and timely Claim Form may submit claims for one or more of the following: (1) a cash payment for

reimbursement of documented losses up to $5,000.00; (2) two (3) years of identity theft protection and credit monitoring, and/or; 3) a pro rata cash payment of the Net Settlement Fund, currently estimated to be not less than $100 per valid claim. SA ¶ 59(a)-(c).

24.     Class Counsel will seek Service Awards of up to $2,500 for each Plaintiff. The Service Awards will be paid from the Settlement Fund. The awards will compensate the Plaintiffs for their time and effort and for the risks they assumed in prosecuting the Action.

25.     Class Counsel have not been paid for their efforts made on behalf of the Settlement Class or reimbursed for litigation costs and expenses incurred. Class Counsel have undertaken representation at their own expense, with compensation contingent on providing a benefit to Plaintiffs and Settlement Class Members. Class Counsel are entitled to request attorneys' fees of up to one-third of the Settlement Fund (i.e., $500,000.00), as well as reimbursement of litigation expenses incurred in connection with the litigation in an amount not to exceed $25,000.00. Such award is subject to this Court's approval and will serve to compensate for the time, risk and expense Plaintiffs' counsel incurred pursuing claims for the Settlement Class.

26.     Plaintiffs' counsel and Defendant's counsel are all attorneys who are familiar with class action litigation; they are particularly experienced in the

litigation, certification, trial, and settlement of class actions, including data breach cases; and knowledgeable of the legal and factual issues at the center of this Action.

27. The Parties concluded the benefits of settlement in this Action outweigh the risks and uncertainties of continued litigation, including a motion to dismiss, class certification discovery and proceedings, merits discovery, pretrial motion practice, trial, and likely appellate review.

28. The Settlement was reached in the absence of collusion, and is the product of good faith, informed, and arm's-length negotiations by competent counsel with the assistance of Judge Thornton at an all-day mediation.

29. Plaintiffs' counsel have vigorously represented the Settlement Class and will continue to do so after Preliminary Approval and Final Approval.

## Risks of Continued Litigation

30. Any settlement requires the parties to balance the merits of the claims and defenses asserted against the attendant risks of continued litigation and delay.

31. Class Counsel believe the claims asserted are meritorious and that Plaintiffs would prevail if this matter proceeded to trial. WorkWave denies liability, believes it acted in good faith and in compliance with the law, and that it would prevail in opposing class certification and on the merits at trial.

32. Class Counsel are confident in the strength of Plaintiffs' claims in the Litigation. Class Counsel are also pragmatic of the risks and challenges of litigation,

including uncertainties in litigating the case through a motion to dismiss, including on the issue of standing, class certification, summary judgment, and trial. In addition, Class Counsel are aware of the risks inherent from any appeal and subsequent proceedings following a successful trial verdict. Even if Plaintiffs and the Settlement Classes ultimately prevailed at trial, recovery could be delayed for years by an appeal.

33. Each of these risks, by itself, could have impeded the successful prosecution of these claims at trial and in an eventual appeal—resulting in zero benefit to the Settlement Class. Under the circumstances, Plaintiffs and Class Counsel appropriately determined the Settlement reached outweighs the gamble of continued litigation.

34. The claims and defenses in this Action are complex, as is clear by the record and other similar data breach cases. There is no doubt that continued litigation here would be difficult, expensive, and time consuming.

35. Given that Defendant denies liability, believes it acted in good faith and in compliance with the law, and that it would prevail in opposing class certification and on the merits at trial, continued litigation would mean the putative class would have a long wait for their recovery, if they have one at all.

36. The Settlement provides immediate and substantial benefits to Settlement Class Members. The proposed Settlement is the best vehicle for

Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

37. Whether the Action would have been tried as a class action is also relevant in assessing the fairness of the Settlement. As the Court had not yet certified a class at the time the Agreement was executed, it is unclear whether certification would have been granted. This litigation activity would have required the Parties to expend significant resources.

38. In Class Counsel's experience and informed judgment, the Settlement represents an excellent result, in providing substantial monetary and injunctive relief to Settlement Class Members without further delay, and in light of the challenging and unpredictable path of litigation Plaintiffs would have faced absent a settlement.

## Class Treatment Is Appropriate

39. For Settlement purposes, the Parties have agreed to certify a Settlement Class defined as: "all individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of Defendant's Data Security Incident that occurred in or around July 2024, including all individuals who were sent a letter notifying them of the Data Security Incident." Excluded from the Settlement Class are the Court, the officers and directors of Defendant, persons who have been separately represented by an attorney and entered into a separate

settlement agreement in connection with the Data Security Incident, and persons who timely and validly request exclusion from the Settlement Class.

40. The numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) is satisfied because the Settlement Class has tens of thousands of members, and joinder of all is impracticable. The Settlement Class Members are ascertainable from Defendant's records and the notice letters sent out following the Incident.

41. Either common legal questions or common fact questions are sufficient to establish commonality and both are present here for purposes of settlement. Plaintiffs have asserted multiple questions of law and fact—centering on Defendant's data security practices—that are common to the Settlement Class, that are alleged to have injured all Settlement Class members in the same or similar way, and that would generate common answers.

42. Plaintiffs' claims are typical for purposes of settlement. For example, Settlement Class Members have similar risks due to the threat actor's potential access of their PII, most notably their Social Security numbers. Plaintiffs' interests are coextensive with, not antagonistic to, the interests of the Settlement Class, because Plaintiffs and the absent Settlement Class members have the same interest in the relief afforded by the Settlement, and the absent Settlement Class members have no diverging interests. Moreover, common questions of fact predominate for purposes of settlement because liability questions common to all Settlement Class

Members substantially outweigh any possible issues that are individual to each Settlement Class Member.

43. Resolution of tens of thousands of claims in one action is far superior to individual lawsuits because it promotes consistency and efficiency of adjudication.

44. Plaintiffs are adequate Class Representatives. They are fully committed to the responsibility of serving as Class Representatives. Their claims are not antagonistic to or in conflict with the interests of the Settlement Class. They pursue the same legal theories challenging the same course of Defendant's conduct. Plaintiffs and the absent Settlement Class Members seek remedies equally applicable and beneficial to their fellow Settlement Class Members. They have the same interest in the relief afforded by the Settlement, and the absent Settlement Class members have no diverging interests.

45. As noted in the Order Granting Consolidation and appointing Interim Co-Lead Counsel, Class Counsel have significant experience in the litigation and settlement of national class actions, including numerous data breach cases, many of which have obtained final approval. *See* Firm Resumes of Class Counsel, attached hereto as **Exhibits 2-3**. This experience proved beneficial to Plaintiffs and the Settlement Class during negotiations. Thus, Plaintiffs and the Settlement Class are represented by qualified and competent Class Counsel. Each of us is a leader in the

data breach class action field and each has extensive experience prosecuting class actions.

46. Class Counsel are qualified and competent, possess extensive knowledge of the applicable laws, and experience in prosecuting complex class actions in courts throughout the United States, including cases similar to this one, and have led in the recovery of hundreds of millions of dollars for the classes they represented. The experience, resources, and knowledge Class Counsel brings to this Action is extensive and formidable. Class Counsel has devoted substantial time and resources to this Action, is qualified to represent the Settlement Class, and will, along with the Class Representatives, continue to vigorously protect the interest of the Settlement Class, including after Preliminary and Final Approval.

47. To date, proposed Class Counsel have: (i) conducted a thorough pre-suit investigation that resulted in the preparation of multiple detailed complaints; (ii) gathered Plaintiffs' documents and relevant information relating to the Incident; (iii) requested and reviewed relevant information via informal discovery for mediation; (iv) prepared a detailed mediation statement; (v) participated in mediation and settlement discussions, achieving a very favorable Settlement for the Settlement Class; and (vi) negotiated a comprehensive Agreement that includes a robust Notice Program, well-crafted Notices and Claim Form, and an easy to understand Claims

Process. Additionally, Class Counsel have no conflicts of interest with the Settlement Class.

## Settlement Administrator and Notice Program

48. The proposed Settlement Administrator is Atticus Administration, LLC, which will oversee Notice to the Settlement Class. Atticus is a highly experienced well-known class action settlement administration firm.

49. The Notice here — consisted of direct notice to individual Settlement Class Members via U.S. Mail — is designed to provide the best notice practicable and is tailored to take advantage of the information Defendant has about the Settlement Class, including the names and current or last-known addresses of all Settlement Class Members.

50. The Notice here constitutes sufficient notice to all persons entitled to notice. The manner, form, and content of Notice here satisfies all applicable requirements of law and due process.

51. The Notice will properly inform Settlement Class members of the Settlement's substantive terms. It will advise Settlement Class members of their options for remaining part of the Settlement Class or for opting out of the Settlement; for submitting Claim Forms; for objecting to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards; and how to obtain additional information about the Settlement. The Notice Program is designed to directly reach

a very high percentage of Settlement Class members with Postcard Notice, with consideration that Settlement Class members' contact information is readily available to Defendant. It exceeds the requirements of constitutional due process.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of May 2025, at Washington, D.C.

/s/ <i>David K. Lietz</i><br>David Lietz

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of May 2025, at Oklahoma City, OK.

/s/ <i>A. Brooke Murphy</i><br>A. Brooke Murphy

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025 a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system.

/s/ <i>David J. DiSabato</i><br>David J. DiSabato