# EXHIBIT 1

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement[1] is entered into by and among Plaintiffs John Kratochwill and Branden Rogers (collectively, "Plaintiffs" or "Named Plaintiffs"), for themselves and on behalf of the Settlement Class, and Defendant WorkWave LLC d/b/a TEAM Software ("WorkWave" or "Defendant"), subject to preliminary and final Court approval. As provided herein, Defendant and the Named Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a final order and judgment, all claims of the Settlement Class against the Defendant in connection with the Data Security Incident as alleged in the action titled *In re: WorkWave Data Breach Litigation*, pending in the United States District Court for the District of New Jersey, shall be settled and compromised upon the terms and conditions contained herein. The Named Plaintiffs and Defendant are collectively referred to herein as the "**Parties**."

## I.    <u>RECITALS</u>

A.    WorkWave is a software solutions company based in Holmdel, New Jersey.

B.    On July 26, 2024, WorkWave detected suspicious activity on its applications. Based on a subsequent forensic investigation, WorkWave determined that cybercriminals gained access to its data files. The investigation further determined that cybercriminals potentially accessed files containing the personal information of approximately 99,525 individuals (the "**Data Security Incident**").

C.    In October and November 2024, WorkWave sent notice to the Plaintiffs and the Settlement Class (as defined below) notifying them of an intrusion in their network that WorkWave believed may have affected Plaintiffs' Personal Information.

D.    On January 27, 2025, after having filed separate actions, the Named Plaintiffs, on behalf of themselves and all others similarly situated, filed a Consolidated Class Action Complaint (the "Action") in the United States District Court for the District of New Jersey, captioned *In re: WorkWave Data Breach Litigation*, Master File No. 3:24-cv-10592-RK-JBD. The Named Plaintiffs asserted claims against Defendant for (1) Negligence and (2) Breach of Third-Party Beneficiary Contract.

E.    On March 25, 2025, counsel for the Parties participated in a full-day mediation session before mediator Hon. John W. Thornton of JAMS. Mr. Thornton submitted a mediator's proposal at the close of the mediation, which resulted in an agreement between the Parties. The terms of the mediator's proposal (and additional terms agreed to by the Parties) are memorialized in this Settlement Agreement, which was negotiated in good-faith and at arms' length by capable and experienced counsel with full knowledge of the law, facts, and the inherent risks of litigation.

---

[1] Unless provided elsewhere, all capitalized terms shall have the meaning set forth in Section II of this Agreement.

F.      The Parties did not discuss attorneys' fees, costs, and expenses, or Service Awards for the Named Plaintiffs prior to reaching an agreement as to the material terms of the relief for the Settlement Class.

G.      Plaintiffs believe that the claims asserted in the Action, as set forth in the Consolidated Complaint, have merit. Plaintiffs and Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Action against WorkWave through motion practice, trial, and potential appeals. They have also taken into account the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation. Class Counsel are experienced in class action litigation and knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Action. They have determined that the Settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

H.      WorkWave denies each and all of the claims and contentions alleged against it in the Action. WorkWave denies all allegations of wrongdoing or liability as alleged, or which could be alleged, in the Action. Nonetheless, WorkWave has concluded that further defense of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. WorkWave has taken into account the uncertainty and risks inherent in any litigation. WorkWave has, therefore, determined that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

H.      The Parties now agree to settle this Action in its entirety, without any admission of liability with respect to all Released Claims of the Settlement Class. The Parties intend this Agreement to bind the Named Plaintiffs, Defendant, and all Settlement Class Members who do not timely and properly exclude themselves from the Settlement.

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, it is hereby stipulated and agreed by the Parties that the Action be settled, compromised, and dismissed on the merits and with prejudice as to Defendant, subject to Court approval, on the following terms and conditions:

## II.    **DEFINITIONS**

In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement:

1.      "**Action**" means or refers to the matter titled *In re: WorkWave Data Breach Litigation,* Master File No. 3:24-cv-10592-RK-JBD, pending in the United States District Court for the District of New Jersey.

2.      "**Agreement**" or "**Settlement Agreement**" means this Agreement and Release, including its attached Exhibits (which are an integral part of this Settlement Agreement and Release and are incorporated in their entirety herein by reference).

3.      "**Approved Claim**" means a valid Settlement Claim in an amount approved by the Claims Administrator or found to be valid through the Dispute Resolution Process, as set forth in this Agreement.

4.      "**Attorneys' Fees and Expenses Award**" means the amount awarded by the Court, if any, to be paid to Class Counsel from the Settlement Fund, with such amount, if any, to be in full and complete satisfaction of Class Counsel's claim or request for payment of attorney's fees, costs, disbursements, and compensation in the Action.

5.      "**Claims Deadline**" means the deadline by which a Claim Form must be postmarked or submitted electronically to the Settlement Website, in order for a Settlement Class Member to be entitled to any of the monetary consideration contemplated in this Settlement Agreement.  The Claims Deadline shall be ninety (90) days after the Notice Deadline.

6.      "**Claim Form**" or "**Claim**" means the form Settlement Class Members must submit to be eligible for relief under the terms of the Settlement, the proposed form of which is attached hereto as **Exhibit A**.

7.      "**Class Counsel**" means:

A. Brooke Murphy
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108

David K. Lietz
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
5335 Wisconsin Avenue NW
Washington, D.C. 20015-2052

8.      "**Class List**" shall mean a list compiled by the Settlement Administrator that shall include all persons identified by Defendant to be Settlement Class Members, and whose full name and current or last known address is provided to the Settlement Administrator by Defendant. Defendant shall provide to the Settlement Administrator within ten (10) days after the Court's entry of the Preliminary Approval Order.

9.      "**Class Representative(s)**" means plaintiffs John Kratochwill and Branden Rogers.

10.      "**Complaint**" means the Consolidated Class Action Complaint filed by Plaintiffs in the Action.

11.      "**Court**" means the United States District Court for the District of New Jersey.

12.      "**Data Security Incident**" or "**Data Incident**" means the data security incident affecting WorkWave on or around July 26, 2024.

13.    **"Defendant's Counsel"** means:

Eric R. Fish
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111

14.    **"Effective Date"** means the date when this Agreement becomes final, which is the latest of (i) thirty-one (31) days after the Final Judgment and Order is entered if no notice of appeal or motion tolling the time for appeal is filed, or, (ii) if any appeal is filed, fifteen (15) days after an order by the highest appealable court affirming the Final Approval Order and Judgment without material change or dismissing or otherwise disposing of the appeal with prejudice.

15.    **"Fee Requests"** means Class Counsel's application for the payment of attorneys' fees, costs, and expenses from the Settlement Fund.

16.    **"Final Approval"** means the date that the Court enters an order and judgment granting final approval of the Settlement and determines the amount of fees, costs, and expenses awarded to Class Counsel and the amount of the Service Awards. In the event that the Court issues separate orders addressing the foregoing matters, then Final Approval means the date of the last of such orders.

17.    **"Final Approval Order"** means the order and judgment that the Court enters upon Final Approval, the proposed form of which is attached hereto as **Exhibit E**. In the event that the Court issues separate orders addressing the matters constituting Final Approval, then Final Approval Order includes all such orders.

18.    **"Long Form Notice"** means the content of the notice substantially in the form as **Exhibit B** is the detailed, long form notice that will be posted on the Settlement Website that will include robust details about the Settlement.

19.    **"Named Plaintiffs"** means John Kratochwill and Branden Rogers.

20.    **"Net Settlement Fund"** means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Service Awards Payments approved by the Court, and (iv) Fee Award and Costs approved by the Court.

21.    **"Non-Profit Residual Recipient"** means the third-party non-profit National Cybersecurity Alliance designated as *cy pres* recipient to accept remaining funds in the Net Settlement Fund after completion of the claims administration process set forth herein.

4

22.    "**Notice**" means the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Settlement Agreement, including **Exhibit B** (Long Form) and **Exhibit C** (Short Form), and is consistent with the requirements of Due Process.

23.    **"Notice and Administrative Expenses"** means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with preparing and sending the required notices to appropriate state and federal officials under the Class Action Fairness Act of 2005, providing Notice to the Settlement Class, locating Settlement Class Members, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Participating Settlement Class Members. Administrative Expenses also includes all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

24.    "**Notice Date**" and "**Notice Deadline**" mean thirty (30) days after the Court has entered the Preliminary Approval Order.

25.    "**Notice Program**" means the notice methods provided for in this Agreement and consists of (1) Notice to all Settlement Class Members via one or more summary postcard notice(s) via United States Postal Service and (2) Notice posted on the Settlement Website. The forms of Notice shall be substantially in the forms attached as **Exhibit B** (Long Form) and **Exhibit C** (Short Form) to this Agreement and approved by the Court, and the Notice Program shall be affected in substantially the manner provided in Section VIII.

26.    "**Objection Deadline**" means sixty (60) days after the Notice Deadline.

27.    "**Opt-Out Deadline**" means sixty (60) days after the Notice Deadline.

28.    "**Participating Settlement Class Member**" means a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

29.    "**Personally Identifying Information**" or "**PII**" means an individual's name, Social Security Number, and/or driver's license number as referred to in the notices of Data Security Incident sent by WorkWave.

30.    "**Preliminary Approval Order**" means an order preliminarily approving the Settlement, directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement, and determining that the Court will likely be able to certify the Settlement Class for purposes of judgment, the proposed form of which is attached as **Exhibit D**.

31.    "**Released Claims**" means any and all past, present, and future claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, penalties, remedies, matters, and issues of any kind or nature, whether known or unknown, contingent or absolute, existing or potential, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, liquidated or unliquidated, legal, statutory, or equitable, in the Action, or

in any court, tribunal, or proceeding by or on behalf of the Named Plaintiffs or any members of the Settlement Class, arising out of, or relating to the Data Security Incident, and which have been asserted or could have been asserted based on the facts alleged in this Action against any of the Released Parties (defined below) whether based on federal, state, local, statutory, common law, or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against any or all of the Released Parties, which the Named Plaintiffs or any member of the Settlement Class ever had, now has, or hereinafter may have, prior to entry of the final order and judgment in this Action. Released Claims shall not include the right of Named Plaintiffs, Settlement Class Members, or any Released Person to enforce the terms of the Settlement Agreement and claims not arising from the facts alleged in the Action.

32.    "**Released Parties**" means WorkWave LLC d/b/a TEAM Software ("WorkWave"), and any and all of its present or past direct or indirect heirs, executors, estates, affiliates, divisions, predecessors, successors, assigns, parents, or subsidiaries, and its owners, associates, employers, employees, agents, consultants, contractors, independent contractors, vendors, insurers, directors, managers, managing directors, officers, partners, principals, members, attorneys, accountants, clients, customers, administrators, bankruptcy trustee(s), financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, sellers, distributors, legal representatives, successors in interest, assigns and persons, firms, trustees, trusts, corporations, officers, directors, general or limited partners of the aforementioned Released Parties, any WorkWave managed entities, and any and all other individuals or entities in which WorkWave has a controlling interest or that are affiliated with it, or any other representatives of any of these persons and entities.

33.    "**Releasing Parties**" means the Named Plaintiffs, any Settlement Class Member who does not timely and properly opt out from the Settlement, and any person claiming or receiving a benefit under this Settlement.

34.    "**Remainder Funds**" means the funds, if any, that remain in the Settlement Fund after payment of costs of Identity Theft Protection and Credit Monitoring, Notice and Administrative Expenses, Fee Award and Expenses, claims for Reimbursement of Documented Monetary Losses, and Pro Rata Cash Payments, as described below. The funds remaining in the Settlement Fund after the above payments have been made and the time for Settlement Class Members to cash and/or deposit checks has expired will be Remainder Funds. The Remainder Funds will be sent to the non-profit organization National Cybersecurity Alliance as a *cy pres* distribution.

35.    "**Reminder Notice**" means a notice, substantially in the form of the Short Form Notice. The Claims Administrator shall also have the option, if requested by Class Counsel, to send a Reminder Notice to Settlement Class Members who have not yet submitted a Claim Form, with such Reminder Notice to be sent, if at all, thirty (30) days prior to the Claims Deadline. Any such Reminder Notice shall be sent via email to individuals in the Settlement Class and Settlement Subclass for whom Defendant possess email addresses, and via single postcard to individuals in the Settlement Class and Settlement Subclass for whom Defendant possess physical addresses and do not possess an email address for.

36.     "**Service Award**" means an amount to be awarded by the Court that is intended to compensate the Class Representatives for their efforts in the litigation and commitment on behalf of the Settlement Class.

37.     "**Settlement**" means this settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are as set forth in this Agreement, including the exhibits hereto.

38.     "**Settlement Administrator**" presumptively means Atticus Administration, LLC as selected by the Parties to serve as the Settlement Administrator. In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the Settlement Administrator.

39.     "**Settlement Class**" means all individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of Defendant's Data Security Incident that occurred in or around July 2024, including all individuals who were sent a letter notifying them of the Data Security Incident. The Settlement Class contains approximately 99,525 individuals. Excluded from the Settlement Class are the Court, the officers and directors of Defendant, persons who have been separately represented by an attorney and entered into a separate settlement agreement in connection with the Data Security Incident, and persons who timely and validly request exclusion from the Settlement Class.

40.     "**Settlement Class Member**" shall mean an individual who falls within the definition of the Settlement Class.

41.     "**Settlement Fund**" shall mean the sum of one million five hundred thousand dollars and 00/100 cents ($1,500,000.00) that Defendant agrees to pay to resolve the claims of the Settlement Class, and to fund all relief to the Settlement Class as described herein, including the costs of notice and claims administration, Service Awards, and the Fee and Expense Request of Class Counsel, this being the full and complete limit and extent of Defendant's obligations with respect to the Settlement.

42.     "**Settlement Payment**" means the payment to be made via mailed check and/or electronic payment from the Settlement Fund to Class Members who submitted valid Claim Forms from the Settlement Administrator.

43.     "**Settlement Website**" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the commencement of the Notice Program, as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including access this Agreement, the Notice, Preliminary Approval Order, the Claim Forms, the Consolidated Complaint filed in the Action and such other documents as Class Counsel and Defendant agrees to post or that the Court orders posted on the website. The URL of the Settlement Website shall be agreed upon by Class Counsel and Defendant. Settlement Class Members shall be able to submit Claim Forms electronically via the Settlement Website. The Settlement Website shall not include any advertising and shall remain

operational until at least five (5) business days after the last payment or credit under this Settlement is made or the Settlement is terminated.

44.    "**Short Form Notice**" means the postcard notice that will be mailed to each available Class Member attached as **Exhibit C**.

45.    "**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon WorkWave with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

46.    "**United States**" as used in this Settlement Agreement includes the District of Columbia and all territories.

47.    "**Unknown Claims**" means any of the Released Claims that either Plaintiffs do not know or suspect to exist in their favor at the time of the release of the Released Parties that, if known by them, might have affected their settlement with, and release of, the Released Parties, or might have affected their decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Parties acknowledge that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

48.    "**Valid Claims**" means Settlement Claims Form submitted by a Settlement Class Member that indicates the Settlement Class Member's Settlement benefit election and provides the Settlement Administrator with correct information for disbursal of a Documented Monetary

Loss Payment or Cash Award, and that are sent to the Settlement Administrator prior to the Claims Deadline.

## III.  SETTLEMENT CLASS

49.  For Settlement purposes only, the Parties agree that the Court should certify the following Class defined as:

> All individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of Defendant's Data Security Incident that occurred in or around July 2024, including individuals who were sent a letter notifying them of the Data Security Incident.

For the purposes of determining membership in the Settlement Class, Defendant has identified approximately 99,525 individuals who had their PII impacted in the Data Security Incident.  It is intended that these approximately 99,525 individuals shall constitute the members of the Class.

50.  Excluded from the Settlement Class are the Court, the officers and directors of Defendant, persons who have been separately represented by an attorney and entered into a separate settlement agreement in connection with the Data Security Incident, and persons who timely and validly request exclusion from the Settlement Class. Named Plaintiffs will move for certification of the Class contemporaneously with their motion for Preliminary Approval of the Settlement. For purposes of this Settlement only, Defendant agrees not to contest certification of the Class. Should the Settlement not be approved, Defendant reserves all rights and defenses on the merits and as to class certification.

## IV.  SETTLEMENT FUND

51.  **Establishment of Settlement Fund**. Within fifteen (15) days of the Effective Date, Defendant will cause to be paid to the Claims Administrator to fund the relief provided under the Settlement Agreement: the sum of one million five hundred thousand dollars ($1,500,000), minus the amounts advanced for notice and claims administration costs as described in the next sentence. Within thirty (30) days of the entry of the Preliminary Approval Order by the Court and the receipt of an invoice and W-9 from the Claims Administrator, Defendant will cause to be paid three hundred thousand dollars and 0/100 cents ($300,000.00) from the Settlement Fund (the "Settlement Payment") to the Escrow Account to defray the actual expenses of notice and claims administration. To the extent this Settlement Agreement is not finally approved, Defendant will be entitled to the return of any amounts not already incurred by the Claims Administrator in connection with Settlement Administration.  Following Defendant's payment of the Settlement Fund monies as described herein, Defendant shall have no responsibility, financial obligation, or liability whatsoever with respect to the selection of the Escrow Account, investment of Settlement Fund account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes or Tax-Related Expenses imposed on the Settlement Fund account or

its distributions, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund.

52. **Escrow Account**. The Settlement Payment is to be deposited into an interest-bearing bank escrow account administered by the Settlement Administrator (the "Escrow Account"). The Escrow Account shall be held in a Qualified Settlement Fund (defined below) in interest-bearing bank account deposits with commercial banks with excess capital exceeding One Billion United States Dollars and Zero Cents ($1,000,000,000.00), with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC. The Settlement Fund will be used to pay Approved Claims, Administrative Expenses (to be agreed upon by both parties), the Fee Award and Expenses, and Service Awards.

53. **Interest**. All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Administrator is responsible for the payment of all Taxes.

54. **Non-Reversionary**. The Settlement Fund is non-reversionary. As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is terminated.

55. **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund (QSF) from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a QSF from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account and must be insured by the Federal Deposit Insurance Corporation. The Settlement Administrator shall select the financial institution at which the QSF is to be created and held, subject to approval of the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

56. **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with this Agreement.

57. **Use of the Settlement Fund**. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for the following: (i) Notice and Administrative Expenses; (ii) Taxes and Tax-Related Expenses; (iii) Service Award Payments

approved by the Court; (iv) Fee Award and Costs; (v) Reimbursement for Documented Monetary Losses; (vi) Identity Theft Protection and Credit Monitoring, and (vii) Cash Payments to the Settlement Class Members. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court.

58.   **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Participating Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement. However, where a Settlement Class Member who is entitled to more than five hundred and ninety-nine dollars and 00/100 cents ($599.00) fails to submit an IRS Form W-9 (or equivalent tax document), the Settlement Administrator shall consult with counsel to determine how to remit payment to the Settlement Class Member (*i.e.*, capped at five hundred and ninety-nine dollars and 00/100 cents ($599.00) or withholding necessary taxes and sending the remainder to the Settlement Class Member).

## V.   <u>BENEFITS TO SETTLEMENT CLASS MEMBERS</u>

59.   The Settlement Administrator will agree to make the following compensation available to Class Members who submit valid and timely claim forms from the Settlement Fund. Claims will be subject to review for completeness and plausibility by a Settlement Administrator.

   a. **Reimbursement of Documented Monetary Losses:** The Parties will create a claims process through which all Settlement Class Members may submit a claim form for reimbursement of documented monetary losses, fairly traceable to the Data Security Incident up to $5,000 per individual ("Monetary Losses"). Monetary Losses may include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Security Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. Settlement Class Members with Monetary Losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

b. **Identity Theft Protection and Credit Monitoring:** All Settlement Class Members may submit a claim for two (2) years of single-bureau credit monitoring and at least $1,000,000 of fraud/identity theft insurance. Settlement Class Members may use their code to enroll for a period of 12 months (meaning that a Class Member could enroll up to the end of the first year and have coverage for the full two (2) years). Such coverage and flexibility in enrollment will provide protection for Class Members against future identity theft. The two-year period will commence when Settlement Class Members use their codes to activate the Identity Theft Protection and Credit Monitoring.

c. **Pro Rata Cash Payment**: All Settlement Class Members may submit a claim for a Pro Rata Cash Payment. The amount of this benefit shall be determined pro rata based on the amount remaining in the Settlement Fund following payment of the Fee Award and Expenses, Service Awards, Notice and Administrative Expenses, costs of Identity Theft Protection and Credit Monitoring, and claims for Reimbursement of Documented Monetary Losses. There will be no maximum payment amount for Pro Rata Cash Payments.

d. **Business Practices Changes**: Plaintiffs have received assurances that Defendant either has undertaken or will undertake certain reasonable steps to further secure its systems and environments and Defendant will prepare a confidential declaration providing information related to same. None of the past or future costs associated with the development and implementation of these enhanced security procedures has been or will be paid by Plaintiffs and no portion of the Settlement Fund is to be used for this purpose.

60. **Assessing Claims for Documented Monetary Losses**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Documented Monetary Losses reflects valid losses actually incurred that are fairly traceable to the Data Security Incident but may consult with Class Counsel in making individual determinations. In assessing what qualifies as "fairly traceable," the Parties agree to instruct the Settlement Administrator to consider (i) whether the timing of the loss occurred on or after; and (ii) whether the Personal Information used to commit identity theft or fraud consisted of the same type of personal information that was stored on WorkWave's systems. Costs expended after July 26, 2024, for mitigation measures like credit monitoring services, fraud resolution services, and professional services incurred to address identity theft or fraud on or after shall be presumed "reasonably incurred." The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

61. **Disputes**. To the extent the Settlement Administrator determines a claim Documented Monetary Losses is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class

Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days of the determination. The Settlement Administrator may consult with Class Counsel in making such determinations.

62.     **Settlement Administration Fees**. The Settlement Fund amount provided by Defendant, or on behalf of Defendant, will pay the entirety of the Notice and Administrative Expenses, including the cost of Notice. The Parties agree to review competitive bids for the settlement administration fees, all in order to contain the administration costs while still providing effective notice to the Class. Notice and Administrative Expenses shall be paid through the Settlement Fund and are limited to the Settlement Fund amount.

63.     Defendant will reasonably cooperate on establishing the appropriateness of the settlement, including, but not limited to, a full class list that identifies class members and their addresses.

64.     Upon the Effective Date, and receipt of payee instructions and a Form W-9 for the payee, Defendant or its insurer shall pay to the Settlement Administrator the Settlement Fund to satisfy the payments in Paragraphs 65, 93, 95 and 98. Provided that Final Approval of this Settlement Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Fund will be used to satisfy Approved Claims for Class Members in exchange for a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Action with prejudice.

65.     The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement.  Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund, except insofar as such obligations are explicitly provided for in this Settlement Agreement.

## VI.     PAYMENTS TO PARTICIPATING SETTLEMENT CLASS MEMBERS

66.     **Payment Timing**. Payments for Approved Claims for reimbursement for Documented Monetary Losses, and Cash Payments, shall be issued in the form of an electronic payment, or upon request, a check mailed, within thirty (30) days after the allocation and distribution of funds are determined by the Settlement Administrator following the Effective Date. Activation codes for the Identity Theft Protection and Credit Monitoring shall be emailed or mailed within the same thirty (30) days.

67.     **Timing**. Settlement Checks shall bear in the legend that they expire if not negotiated within ninety (90) days of their date of issue.

68.     **Returned Checks**. For any Settlement Check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the check is

returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Settlement Class Member to obtain updated address information. Any replacement Settlement Checks issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

69.    **Uncashed Checks**. To the extent that a Settlement Check is not cashed within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing a check or mailing the Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued check. Any reissued Settlement Checks issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

70.    **Unclaimed Property**. No portion of the Settlement Fund shall revert or be repaid to Defendant after the Effective Date. To the extent any monies remain in the Net Settlement Fund more than one hundred and fifty (150) days after the distribution of Settlement payments to the Settlement Class Members, or thirty (30) days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, any remaining monies shall be divided pro rata and disbursed in a secondary distribution to the Class Members who submitted valid Claims, except that if the remaining monies (after covering additional costs of administration) are insufficient to provide a secondary distribution of at least five dollars and no/100 cents ($5.00) per eligible recipient, then the remaining monies shall be distributed as required by state law or to the Non-Profit Residual Recipient as approved by the Court.

71.    **Deceased Class Members**. If the Settlement Administrator is notified that a Participating Settlement Class Member is deceased, the Settlement Administrator shall reissue the Settlement Check to the Participating Settlement Class Member's estate upon receiving proof the Participating Settlement Class Member is deceased and after consultation with Class Counsel.

## VII.    CLAIMS, CAPS, AND DISTRIBUTION OF SETTLEMENT FUNDS

72.    **Submission of Electronic and Hard Copy Claims**. Settlement Class Members may submit Claim Forms to the Settlement Administrator via return postcard, electronically via a claims' website or otherwise physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline.

73.    **Individual Caps**. Participating Settlement Class Members are subject to an individual aggregate cap of five thousand dollars and no/100 cents ($5,000.00) for Documented

Monetary Loss payments made under the Settlement. Participating Settlement Class Members may submit claims for both Documented Monetary Loss Payments and for Pro Rata Cash Payments.

74.    **Order of Distribution of Funds**. The Settlement Administrator must first use the funds available in the Net Settlement Fund to make payments for Approved Claims for Documented Monetary Losses, and then to fund valid claims for Identity Theft Protection and Credit Monitoring. The Settlement Administrator shall then utilize the remaining funds to make pro rata distributions for Cash Payments.

75.    **Pro-Rata Contingencies**. In the event that the aggregate amount of all claims for settlement benefits exceeds the total amount of the Net Settlement Fund, then the value of such payments shall be reduced on a pro rata basis, such that the aggregate value of all payments for benefits do not exceed the Net Settlement Fund. In the event that the aggregate amount of Approved Claims for all benefits does not total the Net Settlement Fund, then the value of each Participating Settlement Class Members' Cash Payment shall be increased on a pro rata basis such that the aggregate value of all Approved Claims to the greatest extent feasible, exhaust the Net Settlement Fund. All pro rata determinations required by this Paragraph shall be performed by the Settlement Administrator.

## VIII.    CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

76.    **Notice**. Within ten (10) days after the date of the Preliminary Approval Order, WorkWave shall provide the Settlement Class List to the Settlement Administrator. Within thirty (30) days after the Preliminary Approval Order, the Settlement Administrator shall disseminate Notice to the members of the Settlement Class. Notice shall be disseminated via summary postcard to Settlement Class members identified on the Settlement Class List via U.S. mail. In addition, if Class Counsel requests, the Claims Administrator shall provide a Reminder Notice to any member of the Settlement Class or Settlement Subclass at least thirty (30) days before the Claims Deadline.

77.    **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication. The Notice must state that any Settlement Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

78.    **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement by submitting written objections to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v)

15

the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

## IX.    DUTIES OF THE SETTLEMENT ADMINISTRATOR

79.    **Duties of Settlement Administrator**. The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement, including, but not limited to, the following:

    a.   Creating, administering, and overseeing the Settlement Fund;

    b.   Obtaining the settlement class list for the purpose of disseminating Notice to Settlement Class Members;

    c.   Providing Notice to Settlement Class Members via U.S. mail;

    d.   Establishing and maintaining the Settlement Website;

    e.   Establishing and maintaining a toll-free telephone line for Settlement Class Members to call and obtain pre-recorded answers to frequently asked questions, and leave a message to which the Settlement Administrator will respond within one (1) business day;

    f.   Responding to any mailed or emailed Settlement Class Member inquiries within one (1) business day;

    g.   Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members (including processing payments);

    h.   Receiving Requests for Exclusion and objections from Settlement Class Members and providing Class Counsel a copy thereof no later than three (3) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion, objections, or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Settlement Administrator shall promptly provide copies thereof to Class Counsel;

    i.   After the Effective Date, processing and transmitting Settlement Payments to Settlement Class Members;

    j.   Providing weekly or other periodic reports to Class Counsel and Defendant's Counsel that include information regarding the number of Settlement Checks mailed and

delivered, Settlement Checks cashed, undeliverable information, and any other requested information relating to Settlement Payments. The Settlement Administrator shall also, as requested by Class Counsel or Defendant's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

k.  In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted a Request for Exclusion; and

l.  Performing any function related to Settlement administration at the agreed-upon instruction of Class Counsel or Defendant's Counsel, including, but not limited to, verifying that Settlement Payments have been distributed.

80.  **Limitation of Liability**. The Parties, Class Counsel, and Defendant's Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

81.  **Indemnification**. The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, and Defendant's Counsel for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Program and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## X.    PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

82.  **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. WorkWave reserves the right to contest class certification for all other purposes. The Parties further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

83.  **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval, to permit issuance of class notice of the Settlement and for certification of the Settlement Class with the Court within ten (10) business days.

84.     **Final Approval**. After entry by the Court of a Preliminary Approval Order, and no later than fourteen (14) days before the Final Approval Hearing, the Settlement Class Representatives shall file a motion seeking final approval of the Settlement and entry of a Final Approval Order and Judgment, including a request that the preliminary certification of the Settlement Class for settlement purposes be made final.

85.     **Final Approval Hearing.** The Parties will recommend the Final Approval Hearing be scheduled no earlier than one hundred and ten (110) days after the entry of the Preliminary Approval Order.

86.     **Appearances at Final Approval Hearing.** Any Settlement Class Member who wishes to appear at the Final Approval hearing must mail to the Court or file a notice of appearance in the Action by the Objection Deadline, as well as take actions required in the Long Notice or as otherwise required by the Court.

87.     **Request for Final Approval Order and Judgment**. The Parties shall ask the Court to enter a Final Approval Order and Judgment including the following provisions:

a.     A finding that the Notice Plan fully and accurately informs all Settlement Class Members entitled to notice of the material elements of the Settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice, and complies fully with Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law;

b.     A finding that after proper notice to the class, and after sufficient opportunity to object, no timely objections to this Settlement have been made, or a finding that all timely objections have been considered and denied;

c.     Approval of the Settlement, as set forth in this Agreement, as fair, reasonable, adequate, and in the best interests of the class, in all respects, finding that the Settlement is in good faith and ordering the parties to perform the Settlement in accordance with the terms of this Agreement;

d.     A finding that neither the Final Judgment, the Settlement, or the Agreement constitutes an admission of liability by the Parties;

e.     A finding that Plaintiffs shall have been deemed to fully and finally release, relinquish, and discharge the Released Parties from the Released Claims;

f.     A finding that all Settlement Class Members who have not properly opted out of the Settlement Class are, following entry of Final Judgment, deemed to have fully and finally released, relinquished, or discharged the Released Parties from the Released Claims; and

g.    If and when the Final Approval Order and Judgment is entered, the claims against Defendant in the Action shall be dismissed with prejudice.

88.    **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

89.    **Termination**. Class Counsel (on behalf of the Settlement Class Members) and Defendant shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice") within seven (7) days of: (1) the Court's refusal to grant preliminary approval of the Settlement in any material respect; or (2) within fourteen (14) days of any of the following: (i) the Court's refusal to enter the Judgment in any material respect, or (ii) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court.

90.    **Discretionary Termination.** Notwithstanding the above, if more than 100 members of the Settlement Class exclude themselves from the settlement (i.e., opt-out), Defendant, in its sole discretion, may terminate this Settlement Agreement. Defendant will bear all costs for which it is responsible under this settlement through the date of termination, including all costs and fees then due and owing to the Settlement Administrator. For the avoidance of doubt, Defendant will not be obligated to pay attorneys' fees and costs or service award if Defendant terminates the settlement under this provision.

91.    **Effect of Termination**. In the event of a termination as provided herein, this Agreement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

## XII.    **RELEASES**

92.    **The Release**. Upon the Effective Date, and in consideration of the Settlement benefits described herein, each of the Releasing Parties shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims.

93.    **Unknown Claims**. The Released Claims include the release of Unknown Claims (as defined in Section II). Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the

fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Class Representatives, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph. The Parties acknowledge, and the Released Parties shall be deemed by operation of the Agreement to have acknowledged, that the foregoing waiver is a material term of the Agreement. Settlement Class Representative and Class Counsel acknowledge, and each Participating Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of unknown claims in the Release was separately bargained for and was a key element of the Settlement Agreement.

94.    Each Releasor waives any and all claims, defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

95.    **Mutual Understanding.** The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

96.    **Release of Class Representatives and Class Counsel**. As of the Effective Date, WorkWave and its representatives, officers, agents, directors, affiliates, employees, insurers, and attorneys absolutely and unconditionally release and discharge the Class Representatives and Class Counsel from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to prosecution of the Action, the Settlement

Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims by the Parties hereto to enforce the terms of the Settlement).

97. **Bar to Future Suits.** Upon entry of the Final Approval Order, Releasors shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Defendant and/or the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. Likewise, Defendant and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Settlement Class Representative and Class Counsel or based on any actions taken by Settlement Class Representative and Class Counsel that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## XII.  <u>SERVICE AWARD PAYMENTS</u>

98. **Service Award Payments**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a motion seeking a service award payment for the Class Representatives in recognition for their contributions to this Action. WorkWave agrees not to oppose Class Counsel's request for a service award not to exceed two thousand five hundred dollars and 00/100 cents ($2,500.00) per representative. The Settlement Administrator shall make the Service Award Payments to the Class Representatives from the Settlement Fund. Such Service Award Payment shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than twenty-one (21) days after the Effective Date.

99. **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of service awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

## XIV.  <u>ATTORNEYS' FEES, COSTS, EXPENSES</u>

100. **Attorneys' Fees and Costs and Expenses**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a motion for an award of attorneys' fees and litigation costs and expenses to be paid from the Settlement Fund. WorkWave agrees not to oppose Class Counsel's request for an award of attorneys' fees not to exceed one-third (33.33%) of the Settlement Fund plus reimbursement of litigation costs and expenses which Class Counsel expects not to exceed twenty-five thousand dollars and 00/100 cents ($25,000.00). Prior to the disbursement or payment of the Fee Award and Costs under this Agreement, Class Counsel shall provide WorkWave and the Settlement Administrator a properly completed and duly executed IRS Form W-9.

101. **Allocation**. Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst Class Counsel

and any other attorneys for Plaintiffs. WorkWave shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

102.    **No Effect on Agreement**. The Parties agree that the Court's approval or denial of any request for a Fee Award and Expenses are not conditions to this Settlement Agreement and are to be considered by the Court separately from the final approval, reasonableness, and adequacy of the settlement. Any reduction to the Fee Award and Expenses shall not operate to terminate or cancel this Settlement Agreement.

103.    **Payment**. The Fee Award and Expenses awarded by the Court shall be paid by the Settlement Administrator from the Settlement Fund no later than twenty-one (21) days after the Effective Date.

## XV.    NO ADMISSION OF LIABILITY

104.    **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

105.    **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by WorkWave in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XVI.    MISCELLANEOUS

106.    **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

107.    **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

108.    **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

109.     **Singular and Plurals**. As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

110.     **Headings**. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

111.     **Binding Effect**. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and WorkWave.

112.     **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

113.     **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

114.     **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted in good faith.

115.     **No Conflict Intended**. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

116.     **Governing Law**. The Agreement shall be construed in accordance with, and governed by, the laws of the State of New Jersey, without regard to the principles thereof regarding choice of law.

117.     **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically, by facsimile, or through e-mail of an Adobe PDF shall be deemed an original.

118.     **Notices**. All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

A. Brooke Murphy
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108

David K. Lietz
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
5335 Wisconsin Avenue NW
Washington, D.C. 20015-2052

All notices to WorkWave provided for herein, shall be sent by overnight mail and email to:

Eric R. Fish
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111

The notice recipients and addresses designated above may be changed by written notice.

119.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

By: *Eric R. Fish*                    Date: May 16, 2025
Eric R. Fish
**BAKER & HOSTETLER LLP**

*Counsel for Defendant*

By: *A. Brooke Murphy*                Date: May 16, 2025
A. Brooke Murphy
**MURPHY LAW FIRM**

By: *David K. Lietz*                  Date: May 16, 2025
David K. Lietz
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**

*Class Counsel*

# EXHIBIT A

# CLAIM FORM

*WorkWave Data Breach Litigation*
*Master File No. 3:24-cv-10592-RK-JBD*

**If you are a resident of the United States and your Personally Identifying Information ("PII") was exposed to unauthorized third parties as the result of a Data Security Incident suffered by WorkWave LLC d/b/a TEAM Software ("WorkWave," or "Defendant") that occurred in or around  July 2024,  including individuals that were sent a letter notifying you of the incident, you are eligible to participate in a proposed class action lawsuit settlement ("Settlement Class" or "Settlement Class Member").**

A proposed Settlement has been reached in a class action lawsuit against WorkWave. The lawsuit asserted claims against WorkWave arising out of or related to suspicious activity on its applications on July 26, 2024.  Based on a subsequent investigation, WorkWave determined that cybercriminals gained access to its data files, including those potentially containing personal information (the "Data Security Incident").

## GENERAL INSTRUCTIONS

If you fit the above description and are a member of the Settlement Class, you are eligible to complete this Claim Form to request reimbursement for documented Monetary Losses as a result of the Data Incident up to a maximum of $5,000 per person, two (2) years of one-bureau Identity Theft Protection and Credit Monitoring Services, and a *Pro Rata* Cash Payment.

Please read the Claim Form carefully and answer all questions. Failure to provide the required information could result in a denial of your claim. This Claim Form can be completed and submitted with the required documentation on the Settlement Website at **[www.SettlementWebsite.com]** or mailed to the address below. **Claim Forms must be submitted on or before [90 days after notice].** Please legibly print all requested information, in blue or black ink. Submit your Claim Form online, or mail your completed Claim Form, including any supporting documentation, to the address below. Documentation provided in support of your claim will not be returned, please retain copies of your documents for your personal records.

*WorkWave Data Breach Litigation*
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164

| **I.  CLASS MEMBER NAME AND CONTACT INFORMATION** |
| --- |

Provide your name and contact information below. You must notify the Claims Administrator if your contact information changes after you submit this form.

|  |  |
| --- | --- |
| **First Name** | **Last Name** |

|  |
| --- |
| **Mailing Address** |

|  |  |  |
| --- | --- | --- |
| **City** | **State** | **Zip Code** |

|  |  |
| --- | --- |
| **Email Address** | **Telephone Number** |

## II. PROOF OF CLASS MEMBERSHIP

Enter the seven-digit Notice ID Number printed above your name and address on your mailed Notice.

**Notice ID Number**

## III. IDENTITY THEFT PROTECTION AND CREDIT MONITORING SERVICES

I wish to receive two (2) years of Identity Theft Protection and Credit Monitoring Services.  ☐ YES  ☐ NO

## IV. PRO RATA PAYMENT

Complete this section of the Claim Form if you are a Settlement Class Member and are seeking the *Pro Rata* Cash Payment Benefit.

◯    I attest and affirm to the best of my knowledge and believe that I am a Settlement Class Member and would like to claim the *pro rata* Cash Payment.

## V. DOCUMENTED MONETARY LOSSES

Complete this section of the Claim Form to be reimbursed for documented Monetary Losses that you incurred as a result of the Data Incident, up to a maximum of $5,000.00. Documentation to substantiate your claim(s) is required and must accompany your Claim Form.

| Monetary Loss Description | Date | Dollar Amount | Support Documentation Description |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**To qualify for Monetary Loss Reimbursements, documentation must be provided for each claimed loss listed above.**

## VI.  PAYMENT SELECTION

Please select **one** payment method for receipt of any Settlement payment to which you are determined eligible:

☐ **PayPal -** Enter your PayPal account email address: _____

☐ **Venmo -** Enter your Venmo account mobile number: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter your Zelle mobile number or email address:

Mobile Number: __ __ __-__ __ __-__ __ __ __    or Email Address: _____

☐ **Virtual Prepaid e-Mastercard -** Enter your email address: _____

☐ **Physical Check -** Payment will be mailed to the address provided above.

**YOU WILL RECEIVE A VERIFICATION EMAIL REGARDING YOUR DIGITAL PAYMENT. YOU MUST VERIFY AND AUTHENTICATE YOUR PAYMENT INFORMATION IN ORDER TO RECEIVE A DIGITAL PAYMENT.  IF YOU DO NOT VERIFY AND AUTHENTICATE YOUR INFORMATION, A PAPER CHECK WILL BE SENT TO YOU.**

## VII.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____        _____        _____
         Signature                           Printed Name                              Date

**PLEASE MAKE SURE YOUR CLAIM FORM IS COMPLETE, SIGNED, AND INCLUDES DOCUMENTATION TO SUPPORT ANY MONETARY LOSSES BEING CLAIMED.**

**THE CLAIM FORM MUST BE POSTMARKED FOR MAIL
OR SUBMITTED ONLINE ON OR BEFORE 90 DAYS FROM MAILING NOTICE**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: WorkWave Data Breach Litigation | Master File No. 3:24-cv-10592-RK-JBD |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*THIS IS A COURT-AUTHORIZED NOTICE. IT IS NOT A NOTICE OF A LAWSUIT AGAINST YOU OR A SOLICITATION FROM A LAWYER.*

**If you are a resident of the United States and your Personally Identifying Information ("PII") was exposed to unauthorized third parties as a result of a Data Security Incident suffered by WorkWave LLC d/b/a TEAM Software ("WorkWave," or "Defendant") that occurred in or around July 2024, including all individuals that were sent a letter notifying you of the incident, you are eligible to participate in a proposed class action lawsuit settlement ("Settlement Class" or "Settlement Class Member").**

A proposed Settlement has been reached in a class action lawsuit against WorkWave. The lawsuit asserted claims against WorkWave arising out of or related to a suspicious activity on its applications on July 26, 2024. Based on a subsequent investigation, WorkWave determined that cybercriminals gained access to its data files, including those potentially containing personal information (the "Data Security Incident").

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A VALID CLAIM BY 90-DAY CLAIM DEADLINE** | You must submit a valid Claim Form to receive compensation, including Reimbursement of Documented Monetary Losses incurred as a result of the Data Security Incident; two years of Identity Theft Protection and Credit Monitoring; and a Pro Rata Cash Payment. |
| **DO NOTHING** | Receive no compensation and give up your rights to sue Defendant over the claims resolved in this Settlement. |
| **SUBMIT A WRITTEN EXCLUSION REQUEST BY 60-DAY OPT/OJB DEADLINE** | Submit a written notice of your intent to be excluded from the Settlement. You will receive no benefits from the Settlement, but you will retain your legal claims against Defendant and other Released Parties. |
| **FILE AN OBJECTION 60-DAY OPT/OJB DEADLINE** | Write to the Court about why you do not like the Settlement. You must remain in the Settlement Class to object to the Settlement. |
| **GO TO A HEARING ON HEARING DATE** | Ask to speak in Court about the fairness of the Settlement. |

1

**For more information visit www.SettlementWebsite.com or call toll-free 1-8XX-XXX-XXXX.**

## <u>Further Information about this Notice and the Lawsuit</u>

| **1.    Why did I receive a Notice in the mail?** |
|---|

The Postcard Notice you received in the mail was sent to inform you of the proposed Settlement because records indicate you fit the description of a Settlement Class Member in this lawsuit and may be eligible to receive benefits. The class action lawsuit is *In Re: WorkWave Data Breach Litigation*, Master File No. 3:24-cv-10592-RK-JBD, pending in the United States District Court for the District of New Jersey (the "Action"). The Court overseeing this Lawsuit authorized that Notice be sent to Settlement Class Members such as yourself to notify you about the proposed Settlement that will affect their legal rights. The Notice explains certain legal rights and options you have in connection with that Settlement.

| **2.    What is the Lawsuit about?** |
|---|

The Named Plaintiffs asserted claims against Defendant for negligence and breach of third-party beneficiary contract stemming from the Data Security Incident . The proposed class action Lawsuit was brought on behalf of all persons residing in the United States who had Personally Identifying Information or "PII" exposed to unauthorized third parties as a result of the Data Security Incident.

| **3.    Why is the Lawsuit a class action?** |
|---|

In a class action, one or more named representative plaintiffs bring a lawsuit on behalf of all others who are alleged to have similar claims. Together, these people are the "Class" and each individually is a "Class Member."  In this case the Plaintiffs who represent the Settlement Class are John Kratochwil and Branden Rogers ("Named Plaintiffs"). The company being sued, in this case, WorkWave, is known as the Defendant.

| **4.    Why is there a Settlement?** |
|---|

The Named Plaintiffs in the Lawsuit, through their attorneys (known as "Class Counsel"), investigated the facts and laws relating to the issues in the Lawsuit. The Plaintiffs and Class Counsel believe that the Settlement is fair, reasonable, and adequate and will provide substantial benefits to the Settlement Class.

The Court has not decided whether the Plaintiffs' claims or WorkWave's defenses have any merit, and it will not do so if the proposed Settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid timely claims will receive benefits from the Settlement. The Settlement does not mean that WorkWave did anything wrong, or that the Plaintiffs and the Settlement Class would or would not win the case if it were to go to trial.

**For more information visit <u>www.SettlementWebsite.com</u> or call toll-free 1-8XX-XXX-XXXX.**

| **5.** | **What is Personally Identifying Information or PII?** |

Personally Identifying Information or PII means an individual's name, Social Security Number and/or driver's license number as referred to in the Data Security Incident notice sent by WorkWave in or around November 2024.

# Terms of the Proposed Settlement

| **6.** | **Who is in the Settlement Class?** |

The Settlement Class includes all individuals within the United States whose PII was exposed to unauthorized third parties as a result of the Data Security Incident, including those that were sent a breach notification letter.

The Settlement Class specifically excludes the Court, the officers and directors of Defendant, persons who have been separately represented by an attorney and entered into a separate settlement agreement in connection with the Data Security Incident, and persons who timely and validly request exclusion from the Settlement Class.

| **7.** | **What are the Settlement benefits?** |

Settlement Class Members have the opportunity to submit a Claim Form for certain benefits. The benefits, as described below, include Reimbursement of Documented Monetary Losses, Identity Theft Protection and Credit Monitoring, and a Pro Rata Cash Payment.

**Reimbursement of Documented Monetary Losses**: All Settlement Class Members may submit a Claim Form for reimbursement of documented monetary losses, fairly traceable to the Data Security Incident up to $5,000 per individual ("Monetary Losses"). Monetary Losses may include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Security Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. Settlement

Class Members with Monetary Losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

**Identity Theft Protection and Credit Monitoring:** All Settlement Class Members may submit a claim for two (2) years of single-bureau Identity Theft Protection and Credit Monitoring and at least $1,000,000 of fraud/identity theft insurance. If the proposed Settlement is approved by the Court, Settlement Class Members will be sent Identity Theft Protection and Credit Monitoring activation codes and may use their code to enroll for a period of 12 months (meaning that a Class

Member could enroll up to the end of the first year and have coverage for the full two (2) years). Such coverage and flexibility in enrollment will provide protection for Class Members against future identity theft. The two-year period will commence when Settlement Class Members use their codes to activate the Identity Theft Protection and Credit Monitoring.

**Pro Rata Cash Payment**: All Settlement Class Members may submit a claim for a Pro Rata Cash Payment. The amount of this benefit shall be determined pro rata based on the amount remaining in the Settlement Fund following payment of the Fee Award and Expenses, Service Awards, Administration and Notice Costs, costs of Identity Theft Protection and Credit Monitoring, and claims for Reimbursement of Documented Monetary Losses. There will be no maximum payment amount for Pro Rata Cash Payments.

**Business Practice Commitments**: In addition to the above Settlement benefits, Defendants have agreed to remedial enhancements to their data security practices and systems to help protect against a future Data Security Incident.

| 8.    What claims are Settlement Class Members giving up under the Settlement? |
|---|

Settlement Class Members who do not timely submit a request to exclude themselves from the Settlement (or "Opt-Out") will be bound by the Settlement Agreement and any final judgment or order entered by the Court. Settlement Class Members will also give up their right to sue the Defendant and other Released Parties for the claims being resolved by the Settlement.

The claims that are being released ("Released Claims") and the persons and entities being released from those claims ("Released Parties") are defined in the Settlement Agreement which can be viewed on the Settlement Website **www.SettlementWebsite.com**.

## Your Options as a Settlement Class Member

| 9.    If I am a Settlement Class Member, what options do I have? |
|---|

If you are a Settlement Class Member, you do not have to do anything to remain in the Settlement Class. If you wish to be eligible for compensation, however, you **must** complete and postmark or otherwise submit a Claim Form online **by 90-day Claim Deadline.** The Postcard Notice that was mailed to you includes a pre-addressed postage paid tear-off Claim Form that you can complete and return by U.S. Mail. You may also complete and submit an electronic Claim Form online at **www.SettlementWebsite.com**. If you are claiming Reimbursement for Documented Monetary Losses, you must submit supporting documentation with your claim. Documentation can be mailed to the Settlement Administrator's office (with the Claim Form) or uploaded with an online claim.

If you do not want to give up your right to sue the Released Parties related to the Data Security Incident or the issues raised in this case or otherwise wish to remove yourself from the Settlement you must Opt-Out of the Settlement Class by 60-day Opt/Obj Deadline. *See* Question 13 below for instructions on how to exclude yourself.

If you object to the Settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and file a written objection in this case with the Court. (*See* Question 15 below.) If you object, you must still submit a Claim Form if you want to receive any of the Settlement benefits offered.

| **10.** | **What happens if I do nothing?** |
|---|---|

If you do nothing, you will receive no compensation from this Settlement. Unless you exclude yourself, after the Settlement is granted final approval and the judgment or order is entered by the Court, you will be bound by the judgment or order and you will never be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant or other Released Parties related to the claims released by the Settlement.

| **11.** | **How do I submit a claim?** |
|---|---|

You may complete the Claim Form online at **www.SettlementWebsite.com.**

A pre-addressed postage prepaid Claim Form was attached to the Postcard Notice that was mailed to you. You may also download a copy of the paper Claim Form from **www.SettlementWebsite.com** or call  the Settlement Administrator at **1-8XX-XXX-XXXX** to have a form sent to you.

Paper Claim Forms can be completed, signed and  sent with any required support documentation for Monetary Losses online through the Settlement Website at **www.SettlementWebsite.com**, via email at to **SettlementEmail@atticusadmin.com**, or by mail to:

**In re: WorkWave Data Breach Litigation**
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164

| **12.** | **Who decides my Settlement claim and how do they do it?** |
|---|---|

The Settlement Administrator will initially decide whether a Claim Form is complete and valid and includes all required documentation. The Settlement Administrator may require additional information from any claimant. Failure to respond to a request for more information from the Settlement Administrator's office may result in an invalid claim that will not be paid.

| **13.** | **How do I exclude myself from the Settlement?** |
|---|---|

If you wish to Opt-Out of the Settlement Class, you must timely submit a written Request for Exclusion and send it by mail to the Settlement Administrator's office, so it is postmarked by **60-day Opt/Obj Deadline**.

**For more information visit www.SettlementWebsite.com or call toll-free 1-8XX-XXX-XXXX.**

A written Request for Exclusion must include: (a) the name of the proceeding, *In re: WorkWave Data Breach Litigation*, Master File No. 3:24-cv-10592-RK-JBD, (b) your full name and current mailing address; (c) your personal signature; and (d) the words "Request for Exclusion" or a comparable statement indicating that you do not wish to participate in the Settlement at the top of the request.

Your written request for exclusion must be postmarked by **60-day Opt/Obj Deadline** and mailed to the Settlement Administrator's office at:

In re: WorkWave Data Breach Litigation
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164

| **14.    If I exclude myself, can I receive a benefit from this Settlement?** |
| --- |

No. If you exclude yourself, you will not be entitled to compensation or any of the benefits provided by this Settlement and you will not be bound by the terms of the Settlement.

| **15.    If I don't opt-out, can I sue the Released Parties for the Data Security Incident later?** |
| --- |

No. Unless you exclude yourself, you give up any right to sue the Released Persons for the claims that this Settlement resolves. You must timely exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form requesting benefits from this Settlement.

| **16.    How do I object to the Settlement?** |
| --- |

If you do not request exclusion from the Settlement Class, you have the right to object to the Settlement by submitting a written objection to the Settlement Administrator as follows:

A written objection must include (i) the name of the proceeding, *In re: WorkWave Data Breach Litigation*, Master File No. 3:24-cv-10592-RK-JBD; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

Your written objection must be postmarked by **60-day Opt/Obj Deadline** and mailed to the Settlement Administrator's office at:

In re: WorkWave Data Breach Litigation
c/o Atticus Administration

6

PO Box 64053
St. Paul, MN 55164

If you file an objection, the Court will consider your views and decide whether to approve or reject the Settlement. You cannot ask the Court to order a different settlement. If the Court denies approval, no settlement benefits will be sent out and the Lawsuit will continue.

Failure to file a timely and adequate objection in accordance with above requirements waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

## Court Approval of the Settlement

| **17.** | **How, when, and where will the Court decide whether to approve the Settlement?** |

The Court will hold a Final Approval Hearing on ==DATE== at ==TIME.== at the U.S. District Court for the District of New Jersey, ==Courthouse==, ==Address==, to decide whether to approve the Settlement. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who properly requested to speak at the hearing. The Court may also consider Class Counsel's Fee Award and Costs, and the request for Service Awards for the Class Representatives to be paid from the Settlement Fund. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long the Court's decision will take. The Court may reschedule the hearing to a different date or time without notice, so please check the Settlement Website at ==www.SettlementWebsite.com== for updates.

| **18.** | **Do I have to attend the hearing?** |

No. You do not need to attend the hearing. Class Counsel will represent the interests of the Settlement Class. If you object to the Settlement and wish to appear in person you are welcome to do so if your written objection was properly submitted pursuant to the instructions in Question 16. It is not necessary to appear in person to make an objection. You or your own lawyer are welcome to attend the hearing at your expense but are not required to do so.

| **19.** | **Can I attend the hearing?** |

If you wish to appear at the Final Approval Hearing you must file a notice of appearance in this Action by ==60-day Opt/Obj Deadline==.

If the objection you filed pursuant to the instructions in Question 16 that included a statement of your and/or your attorney's intent to appear at the Final Approval Hearing you may attend.

| **20.** | **What happens if the Court approves the Settlement?** |

If the Court approves the Settlement, there may still be appeals. If an appeal is taken, it is possible

7

the Settlement could be disapproved on appeal or take time to resolve. We do not know how long this process may take.

| 21. | What happens if the Court does not approve the Settlement? |
| --- | --- |

If the Court does not approve the Settlement, there will be no Settlement benefits available to Settlement Class Members, Class Counsel, or the Class Representatives, and the Litigation will proceed as if no Settlement had been attempted.

## Lawyers for the Settlement Class and WorkWave

| 22. | Who represents the Settlement Class? |
| --- | --- |

The Settlement Class is represented by:

A. Brooke Murphy                        David K. Lietz
**MURPHY LAW FIRM**              **MILBERG COLEMAN**
4116 Will Rogers Pkwy, Ste 700   **BRYSON PHILLIPS**
Oklahoma City, OK 73108          **GROSSMAN PLLC**
                                                    5335 Wisconsin Avenue NW
                                                    Washington, DC 20015-2052

Settlement Class Members will not be charged for Class Counsel's services. Class Counsel will be paid from the Settlement Fund, subject to Court approval.  However, you may hire your own attorney at your own expense to advise you on this matter or represent you in making an objection or appearing at the Final Approval Hearing, if you choose.

| 23. | How will the lawyers for the Settlement Class be paid? |
| --- | --- |

Class Counsel will move the Court for an award of attorneys' fees in an amount not to exceed one-third of the Settlement Fund and reimbursement of litigation expenses not to exceed $25,000.00. Class Counsel will also seek approval from the Court for Service Award Payments of $2,500.00 for each of the Named Plaintiffs in recognition of their contributions to this Action.

WorkWave's obligation for all payments required to be made under the Settlement Agreement, including fees and costs, shall not exceed One Million Five Hundred Thousand Dollars ($1,500,000.00).

| 24. | Who represents WorkWave in the Lawsuit? |
| --- | --- |

WorkWave is represented by:

Eric R. Fish
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza

New York, NY 10111

## **For Further Information**

| **25.    What if I want further information or have questions?** |
| --- |

For additional information, please visit **www.SettlementWebsite.com**. You may also contact the Settlement Administrator by mail, email or phone:

In Re: WorkWave Data Breach Litigation
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164

SettlementEmail@atticusadmin.com

1-8XX-XXX-XXXX

**PLEASE DO NOT CONTACT THE COURT OR WORKWAVE'S COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT.**

# EXHIBIT C

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*In re: WorkWave Data Breach Litigation*
U.S. District Court for the District of New Jersey
Master File No. 3:24-cv-10592-RK-JBD

The Court authorized this Notice.
This is not a solicitication from a lawyer

**If you are a U.S. resident and your Personally Identifying Information ("PII") was exposed to unauthorized third parties as a result of a Data Security Incident suffered by WorkWave LLC d/b/a TEAM Software in or aroudn July 2024, you are eligible to participate in a Proposed Class Action Settlement and YOU MAY BE ELIGIBLE FOR COMPENSATION.**

**PLEASE READ THIS NOTICE CAREFULLY**
Your rights may be affected.

For more information view the Settlement Website at:
**www.Settlement Website.com**

WORKWAVE DATA BREACH LITIGATION
C/O ATTICUS ADMINISTRATION
PO BOX 64053
ST. PAUL, MN 55164

<<Barcode>>
Notice ID: <<claimant ID>>

<<FIRSTNAME>>  <<LASTNAME>>
<<ADDRESS>>
<<ADDRESS 2>>
<<CITY>> <<ST>> <<ZIP>>

**What is this about?** This Notice is being sent to inform you that a Settlement has been reached in the lawsuit, *In re: WorkWave Data Breach Litigation*, Master File No. 3:24-cv-10592-RK-JBD, pending in the United States District Court for the District of New Jersey. The lawsuit arises from a cybersecurity incident detected by f WorkWave, LLC d/b/a TEAMSoftware ("Defendant" or "WorkWave") detected on July 26, 2024. Defendant's investigation determined that files containing sensitive personal information may have been accessed during the incident ("Data Security Incident"). WorkWave denies the claims and any wrongdoing and liability in connection with the allegations in the Lawsuit.

**Who is included?** The Settlement Class includes all individuals within the United States whose PII was exposed to unauthorized third parties as a result of the Data Security Incident, including all individuals who were sent a letter notifying them of the Data Security Incident.

**What are my options?** To receive payment, you must submit a Claim Form by **[Claims Deadline].** The Claim Form can be found on the website **www.SettlementWebsite.com**. If you do not want to be legally bound by the Settlement, you must **Opt-Out** of the Settlement by **[Opt-Out Date]**. If you want to **object** to the Settlement, you must file an objection by **[Objection Date]**. The Long Form Notice available on the Settlement Website explains how to submit a Claim Form, Opt-Out, or objection.

**What will I receive?** Under the proposed Settlement, Class Members may submit claims by 90-day Claim Deadline for the benefits below. Compensation will only be provided if the Court approves the Settlement, and the Claim Form is valid and timely.

     (1) Pro Rata Cash Payment estimated at $100 per Class Member but in an amount to be determined based on the number of Class Members who claim the option and the amount remaining in the Settlement Fund after all other expenses are paid,

     (2) Documented Monetary Losses up to $5,000 for reimbursement of losses fairly traceable to the Data Security Incident, and

     (3) Credit Monitoring and at least $1,000,000 of fraud/identity theft insurance with a single bureau for two years.

More information on these benefits can be found in the Settlement Agreement online at www.SettlementWebsite.com.

**How do I file a claim?** If you are a Class Members you may complete the Claim Form attached to this Notice and return it by mail, or submit an online Claim Form at www.SettlementWebsite.com. You will need the Notice ID printed on reverse side of this postcard to file online.

**What happens next?** The Court will hold a Final Approval Hearing on [Date] at [Time] to decide whether the Settlement is fair, reasonable, and adequate. You are not required to attend but may ask to speak at the hearing (at your own expense) if you wish.

**More Information?** Please do not contact the Court. Go to www.SettlementWebsite.com or call 1-8XX-XXX-XXX.

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL   PERMIT NO.161   SAINT PAUL, MN

POSTAGE WILL BE PAID BY ADDRESSEE

ATTICUS ADMINISTRATION
PO BOX 64053
SAINT PAUL MN 55164-9811

*In re: WorkWave Data Breach Litigation Claim Form*
**Claims must be filed by 90-day Claim Deadline.**
**File online at www.SettlementWebsite.com.**

<<FIRST NAME>> <<LAST NAME>>
<<ADDRESS>> <<ADDRESS 2>>
<<CITY>> <<ST>> <<ZIP>>

If your address has changed, please update below.

_____

_____

_____

Email Address: _____

Please check the box for each and every benefit you wish to claim. You may select multiple benefits:

**Identity Theft Protection and Credit Monitoring**

☐ Yes, I want to receive two years of credit monitoring, including $1,000,000 of fraud/identity theft insurance.

***Pro Rata* Cash Payment**

☐ Yes, I want to receive a pro-rated cash payment estimated at $100. The cash payment will be based on the number of Class Members who claim Pro Rata Cash Payments and the amount remaining in the Settlement Fund after all other payments defined by the Settlement Agreement have been paid.

I understand that unless I exclude myself from the Settlement I am bound by the terms and releases set forth in the Settlement and declare under penalty of perjury that the information provided is true and correct.

____ ____ / ____ ____ / ____ ____ ____ ____        _____
Date                                                                      Signature

(*Note*: Claims for reimbursement of out-of-pocket losses require supporting documentation and must be submitted online at www.SettlementWebsite.com or mailed to Atticus Administration with a separate Claim Form.)

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE: WORKWAVE DATA
BREACH LITIGATION

Case No.: 3:24-cv-10592-RK-JBD

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant WorkWave LLC, d/b/a Team Software ("Defendant"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.      The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Settlement Class, the appointment of Plaintiffs John Kratochwill and Branden Rogers ("Plaintiffs") as the Class Representatives, the appointment of David K. Lietz and A. Brooke Murphy as Class Counsel for Plaintiffs and the Settlement Class, the approval of Atticus Administration, LLC as the Settlement Administrator, the various forms of class relief provided under the

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.     The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> All individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of Defendant's Data Security Incident that occurred in or around July 2024, including all individuals who were sent a letter notifying them of the Data Security Incident.

Excluded from the Settlement Class are the Court, the officers and directors of Defendant, persons who have been separately represented by an attorney and entered into a separate settlement agreement in connection with the Data Security Incident, and persons who timely and validly request exclusion from the Settlement Class.

3.     Based on the information provided, for the purposes of settlement only: the Settlement Class is ascertainable; it satisfies numerosity; there are common questions of law and fact, including issues related to data security and the nature and scope of the information potentially implicated in the Data Security Incident, also satisfying commonality; the proposed Class Representatives' claims are typical; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to

2

members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4.      The Court appoints Plaintiffs John Kratochwill and Branden Rogers as the Class Representatives.

5.      The Court appoints David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC and A. Brooke Murphy of Murphy Law Firm as Class Counsel for the Settlement Class.

6.      The Court appoints Atticus as the Settlement Administrator.

7.      A Final Approval Hearing shall be held before the Court on____[date]_____, 2025 at ___[time]_____, or by remote means, for the following purposes:

     a)      To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

     b)      To determine whether to grant Final Approval, as defined in the Settlement Agreement;

     c)      To determine whether the notice plan conducted was appropriate;

     d)      To determine whether the claims process under the Settlement is

fair, reasonable and adequate and should be approved by the Court;

e)      To determine whether the requested Class Representative Service Awards of $2,500.00 each, and Class Counsel's attorneys' fees, of up to 1/3 of the Settlement Fund ($500,000) plus reimbursement of out-of-pocket litigation expenses of up to $25,000 should be approved by the Court;

f)      To determine whether the settlement benefits are fair, reasonable, and adequate; and,

g)      To rule upon such other matters as the Court may deem appropriate.

8.      The Court approves, as to the form and content, the notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Unopposed Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9.      The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, Settlement Administration, claims processing, and other execution of the proposed Settlement:

## SETTLEMENT TIMELINE

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant provides Class Member Information to the Settlement Administrator | +10 days after preliminary approval order |
| Notice Date | +30 days after preliminary approval order |
| Plaintiffs' Counsel's motion for Fees and Expenses and Service Awards | -14 days before the Objection and Opt-Out Deadlines |
| Objection Deadline | +60 days after Notice Date |
| Request for Exclusion Deadline | +60 days after Notice Date |
| Claims Deadline | +90 days after Notice Date |
| | |
| **Final Approval Hearing** | , 2025 |
| Motion for Final Approval | -14 days before the Final Approval Hearing |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken |

10.      In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Postcard Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11.      Additionally, all requests to opt out or object to the proposed Settlement must be postmarked by or received by the Settlement Administrator no later than 60 days after the Notice Date. The Request for Exclusion must include the name of the

proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

12.    Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must Settlement must be postmarked by or received by the Settlement Administrator no later than 60 days after the Notice Date and include each and all of the following: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. Any Settlement Class Member who fails to comply with these requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

13.    All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the releases, including the Released Claims, provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Defendant in this Action.

14.    Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Settlement Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Defendant or the other Released Parties.

15.    In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the

Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the settlement) shall (i) be admissible into evidence for any purpose in this Action or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

16.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated: _____          _____

                                  **United States District Court Judge**

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: WORKWAVE DATA BREACH LITIGATION | Case No.: 3:24-cv-10592-RK-JBD |

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Settlement Agreement (the "Motion") requesting that the Court enter an Order granting final approval of the class action settlement involving Class Representatives John Kratochwill and Branden Rogers ("Plaintiffs" or "Class Representatives") and WorkWave LLC, d/b/a Team Software ("WorkWave" or "Defendant") as fair, reasonable and adequate.

Having reviewed and considered the Settlement Agreement and Plaintiffs' Motion, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Judgment and Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of

determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS _____ day of _____, 2025, ORDERED** that:

1. Unless otherwise noted, words spelled in this Final Judgment Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

2. On _____ ___, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Class Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiffs as the Class Representatives and A. Brooke Murphy and David K. Lietz as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Settlement Administrator; and (g) set the date for the Final Approval Hearing.

3. In the Preliminary Approval Order, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(e), the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> All individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of Defendant's Data Security Incident that occurred in or

around July 2024, including all individuals who were sent
a letter notifying them of the Data Security Incident.

Excluded from the Settlement Class are the Court, the officers and directors of

Defendant, persons who have been separately represented by an attorney and entered

into a separate settlement agreement in connection with the Data Security Incident,

and persons who timely and validly request exclusion from the Settlement Class.

4.      The Court, having reviewed the terms of the Settlement Agreement

submitted by the Parties, grants final approval of the Settlement Agreement and

certifies the Settlement Class as defined herein and in the Preliminary Approval

Order, and finds that the settlement is fair, reasonable, and adequate and meets the

requirements of Federal Rule of Civil Procedure 23(e).

5.      The Settlement Agreement provides, in part, and subject to a more

detailed description of the settlement terms in the Settlement Agreement, for:

a.      The establishment of a Settlement Fund in the amount of
$1,500,000.00.

b.      A process by which Settlement Class Members who submit valid and

timely Claim Forms to the Settlement Administrator will receive two years of credit

monitoring and identity-protection services free of charge.

c.      A process by which Settlement Class Members who submit valid and

timely Claim Forms for *pro rata* cash payments from the Settlement Fund.

d.     A process by which Settlement Class Members who submit valid and timely Claim Forms with supporting documentation to the Settlement Administrator, which will evaluate all Claim Forms submitted, are eligible to receive compensation for unreimbursed losses up to a total of $5,000.00.

e.     Defendant has implemented improvements, and planned for future implementations, to improve its cybersecurity since the Data Security Incident to help mitigate the risk of similar data security incidents. Costs associated with these business practice changes have been and will be paid by Defendant separate and apart from the Settlement Fund.

f.     All costs of class notice and claims administration shall be paid out of the Settlement Fund.

g.     Service Awards in the amount of up to $2,500.00 to each Class Representative to be paid out of the Settlement Fund, subject to Court approval.

h.     Attorneys' fees to Class Counsel in an amount up to $500,000.00 of the Settlement Fund and reimbursement of litigation expenses up to $25,000.00, subject to Court approval, to be paid out of the Settlement Fund.

6.     Commencing on the Notice Commencement Date, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator provided Notice to Settlement Class Members

in compliance with the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The Notice:

    a.    Fully and accurately informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

    b.    Advised Settlement Class Members of their right to request exclusion from the settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

    c.    Provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

    d.    Provided the time, date, and place of the Final Approval Hearing.

7.    The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

8.     Notice of the Final Approval Hearing and the proposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards have been provided to Settlement Class Members as directed by this Court's orders.

9.     The record establishes that the Settlement Administrator served the required notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, with the documentation required by 28 U.S.C. § 1715(b)(1)–(8).

10.     The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

11.     As of the final date for opting out of the Settlement, one Settlement Class Member has submitted a valid request to be excluded from the settlement. This person is not bound by this Final Judgment and Order, as set forth in the Settlement Agreement, and a list of valid opt outs is attached hereto.

12.     The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.    The Court awards Class Counsel $_____ in reasonable fees, and $_____ in reimbursement of costs and expenses. The Court finds this amount to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

14.    The Court awards a Service Award of $2,500.00 to each Class Representative. The Court finds this amount is justified by the Class Representatives' service to the Settlement Class. Payment shall be made from the Settlement Fund as directed by Class Counsel in accordance with the Settlement Agreement.

15.    As of the Effective Date, the Class Representatives and every Settlement Class Member have released the Released Claims, which are: any and all past, present, and future claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, penalties, remedies, matters, and issues of any kind or nature, whether known or unknown, contingent or absolute, existing or potential, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, liquidated or unliquidated, legal, statutory, or equitable, in the Action, or in any court, tribunal, or proceeding by or on behalf of the Named Plaintiffs or any members of the Settlement Class, arising out of, or relating to the Data Security Incident, and which have been asserted or could have been asserted based on the facts alleged in this Action against any of the Released Parties (defined

below) whether based on federal, state, local, statutory, common law, or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against any or all of the Released Parties, which the Named Plaintiffs or any member of the Settlement Class ever had, now has, or hereinafter may have, prior to entry of the final order and judgment in this Action. Released Claims shall not include the right of Named Plaintiffs, Settlement Class Members, or any Released Person to enforce the terms of the Settlement Agreement and claims not arising from the facts alleged in the Action.

16.    The Class Representatives and the Settlement Class Members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

17.    The Class Representatives and the Settlement Class Members agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. The Class Representatives and the Settlement Class

Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, the Class Representatives and the Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

18.    In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Litigation or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

19.    The Settlement Agreement and this Final Judgment Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Action.

20.    The Settlement Agreement and this Final Judgment Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement shall not be offered or received into evidence, and are not

admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Judgment Order may be filed in any action by any Defendant or Settlement Class Member seeking to enforce the Settlement Agreement or the Final Judgment Order.

21.    If the Effective Date does not occur for any reason, the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Litigation.

22.    The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction solely over the consummation and enforcement of the settlement.

23.    The Court shall retain jurisdiction solely with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

24.    In accordance with Federal Rule of Civil Procedure 23, this Final Judgment and Order resolves all claims against all Parties in this action and is a final

order. There is no just reason to delay entry of final judgment in this matter, and the

Clerk is directed to file this Final Judgment Order in this matter and mark this case

as Administratively Closed.

**IT IS ORDERED:**

Date: _____                    _____

                                        UNITED STATES DISTRICT COURT JUDGE