## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: WORKWAVE DATA BREACH LITIGATION** | Case No. 3:24-cv-10592-RK-JBD<br><br>**FINAL JUDGMENT AND ORDER** |

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Settlement Agreement (the "Motion") requesting that the Court enter an Order granting final approval of the class action settlement involving Class Representatives John Kratochwill and Branden Rogers ("Plaintiffs" or "Class Representatives") and Defendants WorkWave LLC, d/b/a Team Software ("WorkWave" or "Defendant") as fair, reasonable and adequate.

Having reviewed and considered the Settlement Agreement and Plaintiffs' Motion, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Judgment and Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS** 28 **day of** October , 2025, **ORDERED** that:

1. Unless otherwise noted, words spelled in this Final Judgment and Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. On July 7, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Class Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiffs John Kratochwill and Branden Rogers as the Class Representatives and A. Brooke Murphy and David K. Lietz as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Settlement Administrator; and (g) set the date for the Final Approval Hearing.

4. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> <u>Settlement Class.</u> All individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of Defendant's Data Security Incident that occurred in or around July 2024, including all individuals who were sent a letter notifying them of the Data Security Incident.

Excluded from the Settlement Class are (a) the Court; (b) persons who have been separately represented by an attorney and entered into a separate agreement with Defendant; (d) any of WorkWave's subsidiaries, parents, affiliates, and officers and directors; and (e) any person who validly and timely request exclusion from the Class.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and certifies the Settlement Class as defined herein and in the Preliminary Approval

Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23(e).

7. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

8. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

   a. The establishment of a Settlement Fund in the amount of $1,500,000.00.

   b. A process by which Settlement Class Members who submit valid and timely Claim Forms to the Claims Administrator will receive two years of credit monitoring and identity-protection services free of charge.

      c.     A process by which Settlement Class Members who submit valid and timely Claim Forms with supporting documentation to the Claims Administrator for documented losses traceable to the Data Security Incident to the Claims Administrator are eligible to receive compensation up to $5,000.

      d.     A process by which Settlement Class Members who submit valid and timely Claim Forms are eligible to receive additional *pro rata* compensation from the remaining Settlement Fund based upon the amount of funds available after the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, the cost of Credit Monitoring and Identity-Protection Services, and claims for Documented Losses.

      e.     Defendants have implemented improvements, and planned for future implementations, to improve their cybersecurity since the Data Security Incident to help mitigate the risk of similar Data Security Incidents. Costs associated with these business practice changes will be paid by Defendants separate and apart from the Settlement Fund and will be confirmed through a confidential declaration submitted to the Court and Class Counsel.

      f.     All costs of class notice and claims administration shall be paid out of the Settlement Fund.

      g.     Service Awards in the amount of up to $2,500.00 to each Class Representative to be paid out of the Settlement Fund, subject to Court approval.

  h. Attorneys' fees to Class Counsel in an amount up to $500,000.00 of the Settlement Fund and reimbursement of litigation expenses up to $25,000.00, subject to Court approval, to be paid out of the Settlement Fund.

  9. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that, because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

  10. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Fairness Hearing, Plaintiffs' application for attorneys' fees, costs, and expenses, and the Service Award payment to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

  11. Commencing on the Notice Commencement Date, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator provided Notice to Settlement Class Members

in compliance with the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The Notice:

    a.    Fully and accurately informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

    b.    Advised Settlement Class Members of their right to request exclusion from the settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

    c.    Provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

    d.    Provided the time, date, and place of the Final Approval Hearing.

12.    The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

13.    Notice of the Final Approval Hearing and the proposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards have been provided to

Settlement Class Members as directed by this Court's orders. The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law

14. The record establishes that the Claims Administrator served the required notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, with the documentation required by 28 U.S.C. § 1715(b)(1)–(8).

15. The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

16. As of the final date for opting out of the Settlement, three (3) Settlement Class Members have submitted valid requests to be excluded from the settlement.

These individuals are not bound by this Final Judgment and Order, as set forth in the Settlement Agreement, and a list of valid opt outs is attached hereto.

17. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

18. The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

19. The Court grants final approval to the appointment of Plaintiffs John Kratochwill and Branden Rogers as Class Representatives. The Court concludes that Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

20. The Court grants final approval to the appointment of David K. Lietz of Milberg Coleman Bryson Phillips Grossman and A. Brooke Murphy of the Murphy Law Firm as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

21. The Court awards Class Counsel $500,000.00 in reasonable fees, and $6,313.18 in reimbursement of costs and expenses. The Court finds this amount to

be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

22. The Court awards a Service Award of $2,500.00 to each Class Representative. The Court finds this amount is justified by the Class Representatives' service to the Settlement Class. Payment shall be made from the Settlement Fund as directed by Class Counsel in accordance with the Settlement Agreement.

23. Due and adequate notice having been given to the Settlement Class, as of the Effective Date, the Class Representatives and every Settlement Class Member have released the Released Claims, which are: any and all past, present, and future claims, causes of action, demands, damages, debts, liabilities, remedies, proceedings, actions, suits, allegations, assertions of wrongdoing, and any demand for injunctive relief or any other type of equitable or legal relief including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, whether known or unknown, suspected or unsuspected, asserted or unasserted, discovered or undiscovered, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted by any Settlement Class Member or Settlement Subclass

Member against any of the Released Persons with respect to the Data Security Incident or data security in any fashion. Released Claims shall not include the right of any Settlement Class Member or Settlement Subclass Member or any of the Released Persons to enforce the terms of this Settlement Agreement and shall not include the claims of individuals in the Settlement Class who have timely opted out from the Settlement.

24.     The Released Claims are released by the Class Representatives and every Settlement Class Member in favor of the Released Persons, which are: Defendants and their current and former parent companies, subsidiaries, affiliates, divisions, and current and former affiliated individuals and entities, legal successors, predecessors (including companies they have acquired, purchased, or absorbed), assigns, joint ventures, and each and all of their respective officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, vendors, investors, and funds, past, present, and future, and all persons acting under, by, through, or in concert with any of them.

25.     The Class Representatives and the Settlement Class Members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

26. The Class Representatives and the Settlement Class Members agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. The Class Representatives and the Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, the Class Representatives and the Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

27. In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Litigation or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

28. The Settlement Agreement and this Final Judgment and Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendants of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Action.

29. The Settlement Agreement and this Final Judgment and Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Judgment and Order may be filed in any action by any Defendant or Settlement Class Member seeking to enforce the Settlement Agreement or the Final Judgment and Order.

30. If the Effective Date does not occur for any reason, the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions,

negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Litigation.

31. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction solely over the consummation and enforcement of the settlement.

32. The Court shall retain jurisdiction solely with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

33. In accordance with Federal Rule of Civil Procedure 23, this Final Judgment and Order resolves all claims against all Parties in this action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file this Final Judgment and Order in this matter and mark this case as Administratively Closed.

**IT IS ORDERED:**

Date: October 28, 2025

_____
HONORABLE ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

WorkWave Data Breach Opt-Out List

| Claimant ID | First Name | Last Name | Opt In/Out Date | opt_status |
|---|---|---|---|---|
| 9870463 | BRYAN | BENEKER | 08/26/2025 | Valid |
| 9898049 | JOHN | STAUDER | 09/08/2025 | Valid |
| 9938588 | TY | SCHERMERHORN | 10/02/2025 | Valid |